## TRUSTEES OF MASONIC LODGE OF ELK CITY et al. v. SMITH et al.

No. 23810. Opinion Filed Dec. 13, 1932.

Rehearing Denied Jan. 3, 1933.

Randolph, Haver, Shirk & Bridges, for petitioners.

Paul F. Showalter, for respondents.

ANDREWS, J. This is an original proceeding in this court instituted by the respondent and its insurance carrier before the State Industrial Commission to review an award in favor of the claimant therein. The parties hereinafter will be referred to as petitioners, insurance carrier, and claimant.

The claimant fell from the roof of a building on which he was working, and received an accidental personal injury. Some

weeks thereafter he filed for compensation with the State Industrial Commission and a motion for hearing to establish liability and extent of disability, in which he alleged that his injury arose out of and in the course of his employment with the petitioners. The petitioners and their insurance carrier filed a denial. A hearing was had which resulted in a finding and award in favor of the claimant. It is that award that is presented for review.

It is contended by the petitioners and their insurance carrier that at the time of the injury the claimant was not an employee of the petitioners, but that he was an independent contractor.

The record shows that the petitioners entered into a contract with McMahon and Biggs for the construction of a building in Elk City; that the contract included all of the work for a specified sum; that McMahon and Biggs entered into a contract with the claimant to furnish all labor and place the metal work on a part of the roof for a specified sum; that the claimant hired his own labor and furnished his own tools and had supervision over the employees in the separate work under his contract; that neither McMahon, Biggs, nor the petitioners had any supervision over that work other than to see that it was performed in accordance with the plans and specifications which were a part of the contract between the petitioners and McMahon and Biggs; that the claimant arranged with the petitioners, through their general superviser, Otto Payton, to advance certain funds from time to time to pay his labor; that that labor was paid directly by the petitioners; that when the claimant completed his contract a settlement was made with him and the balance due to him was paid to him, and that the total amount paid him was taken into consideration by the petitioners in their settlement with the original contractors, McMahon and Biggs.

The claimant contended and now contends that he was engaged to do the work by the piece for a specified amount per square; that he was not an independent contractor on the work, but a mere laborer, and that he received only $2 per day for his labor. In support of that contention he testified that he was employed by the "Elk City Masonic Lodge"; that he was drawing "$2 a day;" and that he did not know who hired him. He was recalled and was asked and answered:

"A. I was on the job one day waiting for the metal lathing to come in and McMahon came to me and said, 'Smith, do you know about putting on steel decking,' and I said I knew something about decking, and he drew out the roof plans and I said I guess I could put it on and he said, 'How much will the labor cost, to do that job' and I figured it up, six and two-thirds about —600 yards, practically. That's all we figured it out and he asked about it and wanted me to do it and I figured it at $2 a day and get it that way. Q. Did you contract to do that job for $40, win, lose, or draw? A. No, sir. Q. The basis on which you took that proposition was to just do that work there? A. Yes, sir. Q. Where did you get the men on that job that worked for you there? A. Men that worked around the place and on the job, practically all the men I never even knew"

—and:

"Q. You did agree to take this job for $40 and hire your own labor? A. Under the condition he could furnish the labor, inspect it, and it couldn't run over that and I was to get $2 a day. Q. Was the amount of labor, the cost of labor to be deducted from the $40? A. Yes, sir. Q. And you were to get the balance? A. If I made it, figured it so high and get it if I made, the job didn't run over a week and didn't have to pass but one pay day. Q. Did you hire the men they put to work there? A. I hired men on the—I hired men on the job and took them out, they came out after that and let them off and put them off on other jobs and transfer them on to me again."

His conclusion that he was employed by the Elk City Masonic Lodge was unwarranted under the facts disclosed by his testimony, and his conclusion that he was a mere laborer receiving only $2 per day for his labor was directly contrary to his testimony, which shows that he took the job for $40, and that he was to receive the balance of that amount after the payment of the labor employed by him to carry out his contract. The fact that he contracted to do the work for a specified sum and to furnish the labor with which to do it, shows that he was a contractor and not a laborer under the provisions of the Workmen's Compensation Act. The fact that he worked on the job does not make him a laborer within the meaning of the act. There was no proof that he was employed to work. Under his contract he could have employed others to do all of the work that he had contracted to do. The fact that the petitioners paid him and his laborers for the work does not make him a laborer within the meaning of the act. The record shows that

they merely advanced money for the benefit of their contractors, McMahon and Biggs, as they had agreed to do in their contract with them.

The relation of employer and employee is a question of law to be determined from the facts. In El Reno Broom Co. v. Roberts, 138 Okla. 235, 281 P. 273, this court held:

"The first prerequisite to recovery of compensation under the Workmen's Compensation Act * * * is that the relation of master and servant or employer and employee within the meaning of the Compensation Act be shown to exist at the time of the injury, and as to whether or not the facts as disclosed by the record established the existence of such relation within the meaning of the Compensation Law, is a question of law for the court"

—and said:

"However, even though awards of the Industrial Commission have been and will be sustained upon very slight evidence, it is essential that the claimant be an employee of the respondent within the meaning of the Compensation Act at the time of the injury, and as to whether or not the facts as disclosed by the record established the existence of the relation of employer and employee within the meaning of the Compensation Law, is one of law for the court."

To the same effect are the decisions of this court in Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611, and Hamilton v. Randall, 136 Okla. 170, 276 P. 705.

In Hogan v. State Industrial Commission, 86 Okla. 161, 207 P. 303, this court said:

"The Supreme Court of Washington said:

" 'We think there can be no doubt of this premise, but the principles of the common law can be of little assistance to us in measuring the right of a workman to claim compensation under the industrial insurance law. It is the purpose of that law to compel the industries of the state to bear the burden of accidents occurring in their operation, and being in derogation of the common law, it cannot be construed so as to include those who do not, by words or necessary implication, come within its terms. * * * The law in its tenor and terms contemplates that the relation between employer and employee shall possess some element of certainty. It implies, if indeed it does not liberally provide, that there shall be an actual contractual relation between the parties—that is, an agreement to labor for an agreed wage or compensation.' Hillestad et al. v. Industrial Insurance Commission, 80 Wash. 426, 141 P. 913."

This record is without competent evidence upon which to base the finding that the relation of master and servant existed between the petitioners and the claimant at the time of the injury. That being true, no award could be justified under the Workmen's Compensation Act.

Other questions presented here need not be considered by this court.

The award of the State Industrial Commission is vacated.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent.

Note.—See under (1) annotation in L. R. A. 1916A, 40, 232; 28 R. C. L. 804; R. C. L. Perm. Supp. p. 6229; R. C. L. Pocket Part, title "Workmen's Compensation," § 92.