## MARYLAND CASUALTY CO. v. ROSE, et al.

No. 23204. Opinion Filed April 11, 1933.

J. S. Ross, S. J. Clay, and J. H. Ross, for petitioner.

Lynn Adams, for W. W. Rose.

Murrah & Bohanon, for Loma Thigpen.

Charles B. Selby and Max M. Fagin, for J. E. Mabee, Inc.

Hal Crouch and Philip N. Landa, for Century Indemnity Company.

McNEILL, J. This is an original action to review an order and award by the State Industrial Commission, entered November 27, 1931, and corrected November 28, 1931, whereby the respondent, Loma Thigpen, was awarded compensation for temporary total disability for which the petitioner W. W. Rose and the Maryland Casualty as his insurance carrier, were held liable.

It is conceded that the respondent, Loma Thigpen, sustained a compensable injury under the Workmen's Compensation Law on August 15, 1930, while working as a "roughneck" in the drilling of an oil and gas well. A pipe rack broke causing a pipe to roll upon, break and crush respondent's right leg.

It appears that T. B. Slick Oil Company

had a contract to drill an oil and gas well known as Classen No. 3 in the Oklahoma City Oil Field; that it thereafter made a contract with J. E. Mabee, Inc., to drill the same; that subsequent thereto said J. E. Mabee, Inc., made a contract with said Rose to drill said well; that J. E. Mabee, Inc., agreed to furnish the pipe, to move it on and off the lease and also to pay one-half of the expenses; that Rose was to carry and pay for compensation insurance, and this likewise was to be charged as expenses whereby the premiums on the insurance policy were to be equally paid by both. In the language of Mr. Rose, "Everything was to be fifty-fifty."

The Maryland Casualty Company commenced paying compensation to respondent on August 21, 1930, and furnished medical attention and hospitalization up to and including September 11, 1931. Said company filed its report of initial payment of compensation with the Industrial Commission on September 9, 1930.

In July, 1931, W. W. Rose, respondent, and the Maryland Casualty Company filed a motion with the Commission setting forth that J. E. Mabee, Inc., was as much interested in the drilling operations of the well in question as was the respondent W. W. Rose; that by reason thereof the said J. E. Mabee, Inc., should be made a party respondent and share equally with the respondent Rose and his insurance carrier in all payments which have been made to respondent Thigpen, or may hereafter be paid to said injured employee. The motion requested that the cause be set immediately for hearing, and that said J. E. Mabee, Inc., and its insurance carrier, Century Indemnity Company, be held equally liable and responsible in the payment of all sums of money paid heretofore to said respondent Thigpen.

The Commission entered its award finding that the respondent Thigpen was in the employ of respondent W. W. Rose, at the time of the injury, awarding said Thigpen compensation for temporary total disability from September 11, 1931, to November 16, 1931, amounting to $171, and for further payment of $18 a week until further order of the Commission. It also found that the respondent Thigpen was in the employ of respondent W. W. Rose at the time of said injury; that at said time the Maryland Casualty Company was the insurance carrier of said W. W. Rose; that said respondent Thigpen was paid compensation by said insurance carrier; and that the Century Indemnity Company was in no wise liable therefor.

On December 4, 1931, the Maryland Casualty Company, insurance carrier, petitioner, filed a motion to set aside said orders of November 27 and 28, 1931, setting forth therein that, when the respondent was injured and his accident reported to the Maryland Casualty Company by W. W. Rose, said company believed in good faith that the said W. W. Rose was covered under its policy issued by said petitioner, and that said respondent was the employee of said W. W. Rose; that said insurance carrier accepted liability and has paid a total amount of compensation herein in the sum of $980 and $1,464.16 as medical expense, but that it has discovered recently facts which lead the insurance carrier to believe that the said W. W. Rose was not the employer of said respondent as provided by a compensation policy issued to said W. W. Rose on June 3, 1930; that said insurance carrier had prior thereto filed a motion in said cause alleging that J. E. Mabee, Inc., had formed a joint adventure or partnership with the said W. W. Rose; that the said J. E. Mabee, Inc., and its insurance carrier, the Century Indemnity Company, be required to come into said claim of said respondent; that the Commission at a hearing on said claim and in its order and corrected order aforesaid ordered the Maryland Casualty Company and W. W. Rose to pay the respondent herein certain compensation; that the evidence adduced at the last hearing before the Commission convinced the Maryland Casualty Company that a fraud was perpetrated upon it or that the said W. W. Rose had received benefits to which he was not entitled from the Maryland Casualty Company and for that reason denied its liability under this policy issued to said W. W. Rose; that the case be reopened and set for hearing as to the denial of the Maryland Casualty Company as to liability. After a hearing on this motion, the commission denied said motion and refused to vacate the orders heretofore entered on November 27 and 28, 1931. Petitioners seek to review said orders of the Commission.

It is the contention of respondent, Thigpen, that he was an employee of said W. W. Rose, a drilling contractor, who was drilling the oil and gas well in question for J. W Mabee, Inc. On the other hand, petitioner concedes liability as an insurance carrier to said W. W. Rose for his individual liability under its policy of in-

surance, but said petitioner urges that it is not liable in this case, as said respondent Thigpen was not an employee of said Rose individually, but was an employee of said respondent W. W. Rose and J. E Mabee, Inc.; that this relationship constituted a partnership or joint enterprise which was not covered by any contract of insurance with the Maryland Casualty Company. It is urged that the facts on the question of employment are not conflicting, and that the question involved is purely one of law., Counsel for petitioner have filed exhaustive briefs. It is admitted that there could be no partnership existing between W. W. Rose and J. E. Mabee, Inc, but it is emphasized that inasmuch as the parties could not form a partnership, such a relationship should be considered a partnership by estoppel if a third party has been misled by their actions. However, counsel insists that the proper relation is that of joint adventurer. Counsel argue that the Maryland Casualty Company has been misled by the said W. W. Rose and J. E. Mabee, Inc., and that it having suffered thereby, the said W W. Rose and J. E. Mabee, Inc., are partners under the law, and under the record in this case are joint adventurers; that by reason thereof the law of partnership governs as the law of joint adventurer; that notice to W. W. Rose, one of the partners or one of the joint adventurers, was sufficient notice to J. E. Mabee, Inc., relying on section 7292, C. O. S. 1921 (O. S. 1931, Sec. 13358), which provides for the required notice which the employee is to give to the employer and which in part reads as follows: " * * * it shall be given to the employer by delivering it to him or sending it by mail, by registered letter, addressed to the employer at his or its last known place of residence; provided, that if the employer be a partnership, then such notice may be given to any one of the partners. * * * "

There can be no partnership relation existing between W. W. Rose and J. E. Mabee, Inc. Municipal Paving Co. v. Herring, 50 Okla. 470, 150 P. 1067. Section 7292, supra, applies to partnership. Even though said W. W. Rose and J. E. Mabee, Inc.. sustained a relationship of joint adventurer, said section can have no application to service upon joint adventurers. The statutes which provide for an award for compensation cannot be extended and enlarged upon. A partnership is distinguishable from a joint adventure. O. K.

Boiler & Welding Co. et al. v. Minnetonka Lumber Co., 103 Okla. 226, 229 P. 1045. Under the contentions of the Maryland Casualty Company, a personal judgment would be authorized against a joint adventurer upon notice given to one of the joint adventurers. There is no support to this contention. The record shows that no notice was ever given by the Industrial Commission to J. E. Mabee, Inc., though the statement in the record recites:

"J. E. Mabee, Inc., and his insurance carrier, Century Indemnity Company, having been given due notice of said hearing, notified the Commission that they would not appear.

"The parties announcing ready for trial, the following proceedings were had, to-wit: * * * "

The record shows that the premiums which were paid to the Maryland Casualty Company, petitioner, were based on the pay roll of W. W. Rose. There is nothing in the record to indicate that J. E. Mabee, Inc., had anything to do with the hiring of the respondent Thigpen, or had any direct supervision or control over the drilling of the oil and gas well in question. Mr. Rose hired respondent Thigpen and all the men on the job. He paid them with his own check, and reported all accidents, including that of the respondent Thigpen, to his insurance carrier, the Maryland Casualty Company, petitioner herein.

We are of the opinion, from a careful review of the evidence, that the relation of master and servant existed between W. W. Rose and respondent Thigpen. The record is conclusive that the respondent Thigpen received all orders from the said W. W. Rose; that the said J. E. Mabee, Inc., had nothing to do with his being hired or in any way directing him in his work or in directing or having any control over the immediate work of W. W. Rose.

Petitioner charges in its brief that fraud was practiced upon it by the said W. W. Rose and J. E. Mabee, Inc. It is conceded that petitioner has sought relief in another forum. We are not concerned with the adjudication of that question in the consideration of the issues herein involved. Suffice it to say that there is no contention that the respondent Thigpen perpetrated any fraud upon petitioner, or any of the parties.

There are other questions which might be discussed, but we think it unnecessary in the light of our views herein expressed.

Award affirmed.

RILEY, C. J., CULLISON, V. C. J., and SWINDALL, ANDREWS, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur.