## MAGNOLIA PETROLEUM CO. v. McNEILL et al.

No. 22950.   Opinion Filed April 18, 1933.

B. B. Blakeney, Hubert Ambrister, and W. R. Wallace, for petitioner.

Brunson, Kemp & Kemp, for respondents.

BAYLESS, J. This is an original action brought to review an award made by the State Industrial Commission in favor of respondent McNeill, herein referred to as claimant, against petitioner.

The alleged accidental injury out of which the claim arose was received in August. 1927, either August 12th or 27th. First notice of injury and claim for compensation was filed May 2, 1928. Answer of the Magnolia Petroleum Company was filed May 3, 1928, specifically denying that claimant received an accidental injury while in the employ of the Magnolia Petroleum Company and in the course of his employment, and denying that any disability from which claimant may be suffering is the result of an accidental injury received while in the employ of respondent and in the course of his employment.

Various hearings were held and were continued from time to time until April 22, 1931, at which time the petitioner filed a motion to reopen for the purpose of introducing additional testimony denying the relationship of master and servant, which motion was heard on July 22, 1931, and an award was entered on September 15, 1931, and corrected order was made by the Commission on October 15, 1931.

The petitioner presents two assignments of error, which, in substance, are: First, the relationship of employer and employee did not exist and was not proven; and second, that the injury complained of was not the result of the accident. From an examination of the record, there can be no doubt but that claimant was permanently and totally disabled. All the witnesses, laymen and expert, agree on that point. All of the medical experts agree that claimant is suffering with tuberculosis of the hip, and that his condition is incurable, but as to the cause or contributing causes the evidence is in conflict.

There is no conflict in the evidence as to the occurrence of the accident to which the claimant contends his present disability is due. Numerous expert witnesses testified on behalf of both parties, and we deem it unnecessary to set out any of the evidence on this part. It is sufficient to say that both parties have set out in their briefs sufficient evidence, if believed by the Commission, to support the respective contentions. The findings of the State Industrial Commission as to such facts cannot be set aside. We, therefore, are of the opinion that petitioner's second assignment of error is not well taken.

The record in this case is unique in that the petitioner, although denying the relationship of master and servant in its pleadings, apparently proceeded upon the theory that claimant was employed by the Magnolia Petroleum Company, and apparently proceeded upon that theory until it filed its motion in 1931, asking that an additional hearing be had, and alleging that claimant was an employee of the Magnolia Pipe Line Company and not an employee of the Magnolia Petroleum Company, approximately three years after the date of the first hearing. At that hearing, which was the only time that the relationship of the claimant and the employer was gone into, petitioner presented evidence when its superintendent testified that the claimant was never at any time employed by petitioner. In addition, petitioner presented checks signed by the Magnolia Pipe Line Company, which bore the indorsement of the claimant. While the claimant was evasive in his testimony concerning his indorsement of the checks, yet he did not deny that he received the checks. At such hearing the testimony indisputably disclosed that the Magnolia Petroleum Company and the Magnolia Pipe Line Company were different corporations. After the testimony had been taken on the part of the petitioner, the deposition of claimant was taken, and the claimant testified, in substance, that he did not know whether he was employed by the Magnolia Petroleum Company or the Magnolia Pipe Line Company.

Respondents urge that the petitioner is estopped from denying the employment at this late date, being approximately three years after the first hearing. With this contention we cannot agree. This court has consistently held that the provisions of the statute requiring proof of the contractual relationship between the parties is mandatory, and must be proven when made an issue. It being mandatory and a jurisdictional

question, and the petitioner having raised the issue in his pleadings, we are of the opinion that the question may be raised at any time prior to final judgment or award.

The evidence in this case is not conclusive. From an examination of the entire record, we are of the opinion that no competent evidence has been offered to establish the contractual relationship between the parties. In the very recent case of Southwestern Bridge & Culvert Co. v. Joe Sullenger, 163 Okla. 68, 20 P. 891, decided March 21, 1933, we held:

"The relation of employer and employee is contractual. Like every other contractual relation, it is a product of the meeting of the minds of the contracting parties. To create the relation of employer and employee, there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant."

Inasmuch as the evidence showing such relationship is insufficient, we hold that the first syllabus paragraph of said case above referred to is applicable, wherein it provides:

"By the provisions of section 7294, C. O. O. 1921, the decision of the State Industrial Commission is made final as to all questions of fact, and except as provided by section 7297, C. O. S. 1921, as to all questions of law, but this is only when there is some evidence to support such decision, and where there is absolutely no evidence to support such finding and decision, the same may be reviewed as a matter of law."

In our opinion the only question remaining to be determined is the question of whether or not the relationship of master and servant existed between the claimant and the respondent. If the petitioner is able to establish the relationship of master and servant between himself and the Magnolia Petroleum Company, we feel that he should be given this opportunity, and we are, therefore, vacating the award and remanding the cause to the Industrial Commission, with directions to reopen the case for the purpose of taking complete testimony concerning the relationship of master and servant and making its findings on that issue.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, BUSBY, and WELCH, JJ., concur. RILEY, C. J., dissents.