## CAMPBELL OIL CO. et al. v. ELLEDGE et al.

No. 26576.    Oct. 6, 1936.

Butler, & Brown, for petitioners.

W. J. Donohue and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by the Campbell Oil Company and its insurance carrier, as petitioners, to obtain the review of an award made by the State Industrial Commission in favor of the respondent J. C. Elledge. The parties will hereafter be referred to as petitioners and respondent.

The respondent while working on a lease near Mannford, Okla., received a severe accidental injury to his left hand. Claim for compensation was filed with the Industrial Commission, and at a hearing thereon the petitioners made no denial of the injury or its extent, but denied that the relation of employer and employee between respondent and petitioner existed at the time of the accident. The commission found, inter alia, that respondent was in the employment of the petitioner Campbell Oil Company at the time of his injury, and that his average daily wage was the sum of $6 and entered an award on this basis against the petitioners and in favor of the respondent. We are now called upon to review this award.

It is contended by petitioners that: (a) At the time of the injury respondent was an independent contractor and not an employee; (b) that if he was an employee that G. A. Campbell was the employer and not the Campbell Oil Company; (c) that in any event the commission erred in its finding as to the average daily wage of the respondent.

The record, so far as material to a consideration of this proceeding, shows that the respondent was the owner of a machine used in connection with cleaning out and doing repair work on oil wells; that he was approached by one Glenn A. Campbell with reference to doing certain work with his machine on an oil well located on a lease near Mannford, Okla.; that as a result of these negotiations respondent, together with his helper and machine, were employed at an agreed price of $20 per day; that Glenn A. Campbell was to furnish certain tools in connection with the work and was also to furnish a representative on the lease to direct the operations; that Mr. Campbell was not concerned with

the application of the $20 a day payment, and that out of said sum respondent allocated to himself as wages the sum of $6, to his helper $4, and to his machine $10. The employment does not appear to have been for any definite time. The respondent had worked six days prior to his injury. Both Mr. Campbell and his representative, Mr. Porter, were present at the scene of operations. Mr. Campbell took respondent to a doctor and later to a hospital. The testimony of the respondent discloses that all negotiations and agreements in connection with the work were had with Glenn A. Campbell. Nowhere does it appear that the Campbell Oil Company was either directly or impliedly a party to any of the negotiations or proceedings. As said in Trustees of Masonic Lodge of Elk City v. Smith, 161 Okla. 200, 17 P. (2d) 430:

"The first prerequisite to recovery of compensation under the Workmen's Compensation Act is that the relation of master and servant or employer and employee within the meaning of the Compensation Act be shown to exist at the time of the injury, and as to whether or not the facts as disclosed by the record established the existence of such relation within the meaning of the Compensation Law, is a question of law for the court."

See, also, Hogan v. State Ind. Com., 86 Okla. 161, 207 P. 303; Maryland Casualty Co. v. Rose, 163 Okla. 76, 20 P. (2d) 1046.

Ordinarily, in order to create the relation of employer and employee, there must be shown an express contract, or else acts showing unequivocally that the parties recognize such relation. El Reno Broom Co. v. Roberts, 138 Okla. 235, 281 P. 273; Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611; Hamilton v. Randall, 136 Okla. 170, 276 P. 705; Southwestern Bridge & Culvert Co. v. Sullenberger, 163 Okla. 68, 20 P. (2d) 891; Magnolia Pet. Co. v. McNeill, 163 Okla. 104, 21 P. (2d) 45. However, the relation may arise as a result of an implied contract. Southland Cotton Oil Co. v. Renshaw, 148 Okla. 107, 299 P. 425; Barnsdall Ref. Co. v. State Ind. Com., 163 Okla. 154, 21 P. (2d) 749.

In the case now before us it is apparent that there was no such evidence before the commission, which under the rules announced in the above cases would show that the relation of employer and employee had ever existed between the petitioner Campbell Oil Company and the respondent J. C. Elledge. On the contrary, the record clearly discloses that whether the status of respondent was that of independent contractor or an employee. his employer was G. A. Campbell or

Glenn A. Campbell, and that the finding of the commission that the respondent was in the employment of the Campbell Oil Company at the time of his injury is wholly without any competent evidence to support it. Respondent contends, however, that since Campbell Oil Company was named as respondent in employee's first notice of injury and claim for compensation filed with the Industrial Commission, and appeared at the hearing before the commission and admitted that respondent had sustained an accidental injury in the course of his employment, thereby petitioner entered a general appearance before the commission and made a judicial admission to the effect that Campbell Oil Company was the respondent employer. We find ourselves unable to agree with this contention. The admission of the accidental injury sustained by respondent in the course of his employment was not inconsistent with the petitioner's denial of the relation of employer and employee and denial of liability by reason of such fact. The State Industrial Commission is a tribunal of limited jurisdiction. Wilson Drilling Co. v. Beyer, 138 Okla. 248, 280 P. 846, and as said in Hardy Sanitarium v. DeHart, 164 Okla. 29, 22 P. (2d) 379; "Jurisdiction cannot be acquired by agreement, waiver or conduct." The mere fact that Campbell Oil Company was named as respondent in the employee's first notice of injury and claim for compensation had no probative effect. It further appears that in the body of the claim the employer was named as Glenn A. Campbell, and in the employer's notice of injury, which was filed with the commission, Glenn A. Campbell was named as respondent, and also as the employer, and it was signed by such employer. In the notices of hearing thereafter issued by the commission Glenn A. Campbell was named as the respondent. From a reading of the record we are at a loss to understand how the commission could find that the respondent was in the employment of Campbell Oil Company. Respondent's own testimony directly controverts any such finding. The record is without any competent evidence upon which to base the finding that respondent sustained his injury while in the employment of petitioner Campbell Oil Company. This being true the commission was without jurisdiction to enter the award. This conclusion makes it unnecessary to discuss any of the other contentions advanced by the petitioners.

The award of the State Industrial Commission is therefore vacated.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.