## LITTLE v. STATE INDUSTRIAL COMMISSION et al.

No. 27223. Dec. 15, 1936.

Rehearing Denied March 23, 1937.

J. G. Clift, for petitioner.

Frantz C. Conrad, Paul Pugh, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. On the 27th day of April, 1936, the State Industrial Commission entered its award against several respondents engaged in exploring for oil. F. K. Little filed his petition June 5, 1936, to vacate an award to the respondent and based such action upon the ground that there was no competent evidence in the record to sustain the finding of the State Industrial Commission. This finding was that Troy Stogsdill sustained an accidental injury on August 22, 1932, while in the employ of the petitioner, together with others named in the order. The record reflects that nearly all of the respondents in the State Industrial Commission entered their denial of any liability. The petitioner is the only one contesting the final order by original proceeding in this court. It is the position of the petitioner that the award is not sustained by sufficient evidence for the reason that there is no competent evidence that the petitioner was an employer of the respondent at the time of the accident.

We have expressed the rule regarding requirement of competent evidence sufficient to sustain the relationship of employer and employee in the following cases: Maryland Casualty Co. v. Rose, 163 Okla. 76, 20 P. (2d) 1046; Hogan v. State Industrial Com., 86 Okla. 161, 207 P. 303; Trustees of Masonic Lodge v. Smith, 161 Okla. 200, 17 P. (2d) 430; Campbell Oil Co. v. Elledge, 177 Okla. 601, 61 P. (2d) 223. In this latter case we said:

"The first prerequisite to recovery of compensation under the Workmen's Compensation Act is that the relation of master and servant or employer and employee within the meaning of the Compensation Act be shown to exist at the time of the injury, and as to whether or not the facts as disclosed by the record established the existence of such relation within the meaning of the Compensation Law, is a question of law for the court. Trustees of Masonic Lodge of Elk City v. Smith, 161 Okla. 200, 17 P. (2d) 430."

The above and foregoing cases clearly establish the rule as expressed therein.

Here the fact that the petitioner was one of the partners at the beginning of the enterprise is not contested. It is his claim that he withdrew from the partnership before the accident which occasioned the injury. We have carefully examined the evidence with this allegation in view, and are of the opinion that the evidence sufficiently sustains the finding of the State Industrial Commission that the relation of employer and employee existed at the time of the injury.

The award is affirmed.

McNEILL, C. J., and RILEY, PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, V. C. J., and WELCH, BAYLESS, and BUSBY, JJ., absent.