COLVIN et al. v. CHAPMAN et al.

No. 30448.   Feb. 10, 1942.

*122 P. 2d 158.*

Everett Petry and E. LeRoy Allen, both of Tulsa, for petitioners.

G. B. Coryell, of Bristow, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought by K. L. Colvin, hereinafter referred to as petitioner, and her insurance carrier, to obtain a review of an award which was made by trial commissioner, which on. appeal was affirmed by the State Industrial Commission, in favor of Art Chapman, hereinafter referred to as respondent.

The facts are not in dispute. On April 1, 1940, the respondent sustained an accidental personal injury in the form of a broken leg as the result of assistance which he had volunteered to employees of the petitioner in separating two joints of casing. The injury and extent thereof are not in issue here. On March 13, 1941, respondent filed with the State Industrial Commission an employee's first notice of injury and claim for compensation. The petitioner denied liability, and at the hearing to determine that issue contended that respondent was not in her employ, but on the contrary was an independent contractor engaged in a business which was neither subject to nor covered by the provisions of the Workmen's Compensation Act (O. S. 1931, § 13348 et seq. as amended, 85 Okla. St. Ann. § 1 et seq.).

The trial commissioner as a result of said hearing found, in substance, that respondent was an employee of the petitioner and engaged in a hazardous employment at the time of his injury and awarded· compensation for temporary total disability, and reserved for future consideration the determination of whether the injury had resulted in any permanent disability.

The petitioner contends here, as she did before the State Industrial Commission, that the relation between the parties was not that of employer and employee, but was rather that of principal and independent contractor, and that respondent was not engaged in a compensable employment when he sustained his injury.

The contentions so made present jurisdictional questions upon which the finding of the State Industrial Commission will not be accepted as conclusive. Burrows v. State Industrial Commission, 188 Okla. 523, 111 P. 2d 175; McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P. 2d 32.

The first prerequisite to any award made by the State Industrial Commission is the relation of master and servant or employer and employee. Mastin v. Black, 176 Okla. 46, 54 P. 2d 399; Trustees of Masonic Lodge of Elk City v. Smith, 161 Okla. 200, 17 P. 2d 430. It is no less essential, however, that the employment be one of those enumerated in and defined as hazardous by the act. Veazey Drug Co. v. Bruza, 169 Okla. 418, 37 P. 2d 294.

The respondent admits that he was engaged in business as a class B motor carrier, and his evidence, which was the sole evidence before the commission, shows conclusively that he was employed to perform a service incident to the business in which he was engaged, and that his injury occurred not by reason of anything that he was doing in his particular employment, but by reason of the fact that he volunteered to assist some roustabouts of the petitioner to separate two joints of casing so as to facilitate the loading of the casing on the truck of the respondent. In so doing the respondent was not engaged in the performance of any duty which he was employed to perform, and by his voluntary action did not alter his status insofar as his employer was concerned. The respondent cites and relies upon Briscoe Construction Co. v. Miller, 184 Okla. 136, 85 P. 2d 420, to support his claim that he was an employee engaged in common labor when assisting the roustabouts of the petitioner. We are unable to agree with this contention. The case cited is authority for the rule that where one engaged in an employment which would ordinarily not be hazardous enters an employment which is hazardous and performs services which are incident thereto and an integral part thereof, he then comes within the protection afforded workers in such employment. Under the evidence here this was not the case. The sole

relation between the petitioner and respondent is shown to have been that of principal and independent contractor, and to have been for a single and specific purpose. It is the settled rule that an independent contractor may not claim compensation under the provisions of the Workmen's Compensation Act. Shepard v. Crumby, 146 Okla. 118, 293 P. 1049; Moore & Gleason v. Taylor, 97 Okla. 193, 223 P. 611.

The respondent also urges that, since the evidence shows that petitioner sought to protect herself by insurance against any liability which she might incur by reason of the employment of the respondent, this was sufficient to establish the relation of master and servant. This contention is wholly without merit. The petitioner was entitled to take the precaution which she did for her own protection without incurring any liability to the respondent other than that which was placed upon her by law. The business of the respondent being that of class B carrier, it did not come within the provisions of the Workmen's Compensation Act, supra (Holland v. Byers Drilling Co., 167 Okla. 1, 27 P. 2d 591; Southwestern Cotton Oil Co. v. Spurlock, 166 Okla. 97, 26 P. 2d 405), and the employment by the petitioner was such as to establish the relation between the parties of principal and independent contractor for the performance of a service in the business in which respondent was engaged and for no other purpose. Such being the situation, the State Industrial Commission, as a matter of law, was without jurisdiction to entertain the claim of the respondent, or to make him any award in the premises. The award is therefore vacated, with directions to dismiss the claim for lack of jurisdiction to entertain it.

Award vacated, with directions.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.