**ROSAMOND CONSTRUCTION COMPANY and the State Insurance Fund, Petitioners,**

v.

**Joe ROSAMOND and the State Industrial Commission of the State of Oklahoma, Respondents.**

**No. 36825.**

Supreme Court of Oklahoma.

Jan. 17, 1956.

Mont R. Powell, Sam Hill, Oklahoma City, for petitioners.

Frank Seay, Seminole, Claud Briggs, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

JACKSON, Justice.

This is an original proceeding brought by the State Insurance Fund to review an order of the State Industrial Commission granting an award for compensation for temporary disability to claimant.

The petitioner denied liability as the Insurance Carrier under any existing Workmen's Compensation insurance policy and hearing was had before the State Industrial Commission on the issue thus raised.

It was developed by the evidence that the claimant, Joe Rosamond, was engaged in the building contract business under the trade name of "Rosamond Construction Company" of which he was the sole owner. On December 12, 1952, the said Joe Rosamond, through his wife, Mrs. Joe Rosamond, acting as his agent, applied to the State Insurance Fund for workmen's compensation insurance for Rosamond Construction Company, and on the same date such a policy was issued which listed the employer as "Rosamond Construction Company, Individual—Joe Rosamond". An initial premium deposit of $270 was paid to the Fund. Mrs. Rosamond testified that at the time of the application she advised the Fund that she wanted a policy that would cover Joe Rosamond, as well as his employees, and that she understood that the amount of the premium deposit she paid was based on such coverage.

Almost immediately after the policy was issued, Joe Rosamond, together with three of his employees, began the work of dismantling a derrick for Ada Iron and Metal Company, not a party to this proceeding, and at about 4:00 p. m. on December 12, 1952, he fell from the derrick and sustained the injury for which he filed this claim against Rosamond Construction Company and the State Insurance Fund.

On December 16, 1952, the Fund received a letter from Joe Rosamond listing himself as one of the employees to be covered by the policy and the following day the Fund mailed a letter to Rosamond advising him that he was not covered under the terms of the policy. On January 13, 1953, the Fund received the first monthly premium check on the policy in the amount of $29.40.

It is apparent from the undisputed evidence as disclosed by the record in this case, that the claimant, Joe Rosamond, and the purported employer, Rosamond Construction Company, are one and the same person. The questions presented by this circumstance are whether, within the meaning and purview of the Workmen's Compensation Law, a person may be an employer and, at the same time, his own employee, and whether the State Industrial Commission has jurisdiction to determine liability under an insurance policy covering loss to the insured as a result of his own personal injury.

Tit. 85 O.S.1951 § 3 of the Workmen's Compensation Law defines an employer as "a person, partnership, association, corporation * * * employing workmen in hazardous employment, * * *." An employee is defined therein as "any person engaged in manual or mechanical work, or labor in the employment of any person, firm or corporation carrying on a business covered by the terms of this Act, * * *."

Section 11 of the Title provides that "Every employer subject to the provisions of this Act shall pay, or provide as required by this Act, compensation according to the schedules of this article for the disability or death of his employee * * *."

Section 61 of the Title provides that "An employer shall secure compensation to his employees" in one of the ways therein set forth.

■■ It is apparent from these provisions that the Workmen's Compensation Law, in extending the protection and benefits therein provided to certain workmen in the event of injury, contemplated an employer and an employee as two separate parties, the liability for furnishing the protection to be borne by the employer and the benefits to be received by the employee. It is equally apparent that a person cannot be his own employee within the meaning of the Act and that unless there be an employer-employee relationship, no liability can arise thereunder.

■■ These views are supported by expressions of this court in the following cases heretofore considered:

" 'To create the relation of employer and employee there must be an express contract, or such acts as will show unequivocally that the parties recognize one another as master and servant.' " Magnolia Petroleum Co. v. McNeill, 163 Okl. 104, 21 P.2d 45, 47.

"The relationship of master and servant must exist before an injured employee is entitled to compensation under the Workmen's Compensation Law." Little v. State Industrial Commission, 179 Okl. 355, 66 P.2d 16.

"The relationship of employer and employee is an absolute requisite to jurisdiction of the Industrial Commission to enter an award for compensation under the Workmen's Compensation Act." Anderson v. Dukes, 193 Okl. 395, 143 P.2d 800.

"The jurisdiction of the State Industrial Commission to award compensation is limited to cases where the relation of master and servant exists and where the employment is one which is subject to and covered by the provisions of the Workmen's Compensation Act". Colvin v. Chapman, 190 Okl. 214, 122 P.2d 158.

In support of the award, claimant relies on National Bank of Tulsa Bldg. v. Goldsmith, 204 Okl. 45, 226 P.2d 916, and Veazey Drug Co. v. Collins, 204 Okl. 238, 228 P.2d 1015, and the provisions of 85 O.S. 1951, § 65.3, which reads as follows:

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy for the payment of benefits as provided by Workmen's Compensation Law regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Industrial Commission as now provided by law."

It is contended by claimant that, by virtue of the above statute as construed by the cited cases, the State Industrial Commission had jurisdiction to make the award and that the Fund was estopped to deny its liability under the policy because it accepted premiums thereon based on claimant's employment after being informed, as found by the Commission, that claimant was applying for a policy covering himself as well as his employees.

But neither the statute nor the cited cases support this contention. In the first sentence of the quoted statute we see that its provisions are applicable only where a contract has been issued for the purpose of insuring an "employer" against liability under the Workmen's Compensation Law. The question before the court in the cases cited was whether, in view of the statute, the employer could deny liability on the ground that it was not engaged in a business classified as hazardous under the Workmen's Compensation Law. They are not authority for the proposition for which the claimant contends.

Claimant also relies on the case of In re Hughes (Hughes v. State Industrial Commission), Okl., 273 P.2d 450, wherein this court held the Insurance Carrier liable under its policy for death benefits on account of the death of one A. M. Hughes. But in that case the court determined from the evidence that the employer, Butter Nut Baking Company, to whom the insurance policy in question was issued, was a corporation and that the said A. M. Hughes, at the time of his accidental injury and death, was an employee of the said corporation.

■■ The State Industrial Commission is a quasi judicial tribunal whose jurisdiction is limited to a consideration of claims arising under the Workmen's Compensation Law and the administration of relief thereunder. Its jurisdiction to make an award

on a claim not arising under the Workmen's Compensation Law cannot be conferred by agreement, waiver or conduct of the parties. See Consolidated Motor Freight Terminal v. Vineyard, 193 Okl. 388, 143 P.2d 610; Sartin v. Moran-Buckner Co., 189 Okl. 178, 114 P.2d 938; Oklahoma City Livestock Exchange v. Parkey, 193 Okl. 426, 144 P.2d 960.

Since, in the instant case, the claimant could not be his own employer within the meaning of the Workmen's Compensation Law, and no liability would devolve upon the Rosamond Construction Company as the employer, the relation of employer and employee did not exist and the Commission was without jurisdiction to make the award.

The award is vacated with directions to dismiss the claim.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and HUNT, JJ., concur.