**L. Gay YOUNG, Petitioner,**

v.

**CITY OF HOLDENVILLE and The State Insurance Fund, Respondents.**

**No. 40073.**

Supreme Court of Oklahoma.

June 25, 1963.

Rehearing Denied Sept. 10, 1963.

Stevenson, Huser & Huser, by O. S. Huser, Holdenville, for petitioner.

Mont R. Powell, Mary Elizabeth Cox, Oklahoma City, for respondent, State Insurance Fund.

JOHNSON, Justice.

This proceeding was begun in this court to review a finding of the State Industrial Court.

The petitioner is, and was at the time of the accident involved herein, the duly

elected, qualified and acting Treasurer of the City of Holdenville, Oklahoma. On July 21, 1959, while pursuing her duties in her office in the city hall, she arose from a chair, started across the room, tripped and fell over a telephone cord, fracturing her right hip.

It is conceded that she was not engaged in a hazardous occupation under the Workmen's Compensation Act, but it is alleged that the city had taken out insurance with the respondent, and that the insurance so taken required the payment of the premium based upon the salaries of all the city employees, including the elected officials, including petitioner. That the premium so calculated had been paid and was accepted by respondent, and therefore the respondent is estopped to deny liability.

The Industrial Court made no finding of fact concerning the inclusion of petitioner's salary in the calculation of premiums. It made but one finding of fact as follows:

"* * * That claimant, L. Gay Young, was not an employee of the City of Holdenville while in the performance of such service within the meaning of the Workmen's Compensation Law of Oklahoma, therefore, her claim is denied."

The question raised by this proceeding is whether or not an insurance carrier may be estopped to deny that an elected official of a city is an employee within the terms of the compensation law of Oklahoma.

Whether an employee is engaged in a hazardous employment as defined by statute is wholly immaterial in a claim based upon estoppel. The question involved under such doctrine does not turn upon the nature of the employment but upon the collection of a premium based upon such person's salary. This is conclusively settled by Sections 65.2 and 65.3, 85 O.S.1961 and the decisions thereunder as set forth in the annotated statutes.

This being true, but two queries remain: (1) May the estoppel doctrine provided by statute be applied to an elected official? (2)

Was the salary of applicant included in the calculation of premiums in the instant case?

In connection with the first of the above, the respondent relies upon several cases from this court. We shall first consider these.

The first two of these are Robinson v. Board of County Commissioners of Hughes Co., Okl., 289 P.2d 668, and Cravatt v. City of Oklahoma City, Okl., 295 P.2d 807. In both of these cases the governmental units were carrying their own risks. There was no collection of premiums upon which an estoppel could be based. The rules, therefore, enunciated in these two cases have no application to the case at bar.

Again, the respondent cites El Reno Broom Co. v. Roberts, 138 Okl. 235, 281 P. 273, as authority for the "first prerequisite to recovery of compensation under the Workmen's Compensation Act is that the relation of master and servant or employer and employee be shown to exist." This case was decided in 1929 long before the estoppel statutes enacted in 1947. These statutes dispose of this contention by providing in Section 65.2: "* * * shall be estopped to deny that such employee was employed by the employer in a hazardous employment * * *."

Likewise, the following named cases were all decided prior to the enactment of the estoppel statutes in 1947, namely: Magnolia Petroleum Co. v. McNeill, 163 Okl. 104, 21 P.2d 45; Little v. State Industrial Commission, 179 Okl. 355, 66 P.2d 16; Colvin v. Chapman, 190 Okl. 214, 122 P.2d 158, and Anderson v. Dukes, 193 Okl. 395, 143 P.2d 800.

The case of Rosamond Construction Company v. Rosamond, Okl., 292 P.2d 392, again involves an entirely different situation. Obviously, an insurance policy issued to protect the employer against liability to an employee could not be construed to cover the so-called "employer" when the same person was claiming to be the "employee." There was no representation of an employer-employee relation in favor of which an estoppel could be asserted.

So much for the authorities relied upon by respondent. On the other side of the picture, our court has held in Jot Davis Welding Service v. Davis, Okl., 376 P.2d 259, that an employer who had but one employee was estopped by the calculation of that single employee's salary as the basis for the insurance premium. In the case of Barney U. Brown & Sons, Inc. v. Savage, 208 Okl. 668, 258 P.2d 183, this court held that a salesman not covered by the act who was mistakenly listed in the calculation of the insurance premium was covered and the insurer was estopped to deny liability.

The record shows in this case that in 1957 the State Insurance Fund filed suit No. 17095 in the District Court of Hughes County against the City of Holdenville to recover $1,409.65 for premiums on workmen's compensation insurance, which had not been paid. The record further shows that the premiums so sued for included a premium based upon the salary of Mrs. Young. It further shows that a yearly audit was made every year by the Fund, and that the name of Mrs. Young and the amount of her salary were disclosed by such audits, and thus the fact of her inclusion was known to the Fund. For all intent and purposes, she was treated and considered as an employee.

■ Under the circumstances, we are constrained to hold that her relation to the city was in the nature of employer and employee.

We are confirmed in the above interpretation of Section 65.2, 85 O.S.1961, by the succeeding section, Section 65.3. To clarify the matter, we quote the entire section:

"Every contract of insurance issued by an insurance carrier for the purpose of insuring an employer against liability under the Workmen's Compensation Law *shall be conclusively presumed to be a contract for the benefit of each and every person upon whom insurance premiums are paid, collected, or whose employment is considered or used in determination of the amount of premium collected upon such policy* for

the payment of benefits as provided by Workmen's Compensation Law regardless of the type of business in which the employer of such person is engaged or the type of work being performed by the employee at the time of any injury received by such employee arising out of and in the course of his employment, which contract may be enforced by such employee as the beneficiary thereof, before the State Industrial Commission as now provided by law." (Emphasis ours.)

We are of the opinion that the emphasized portion of the above lends itself to but one construction. Any *person* working for the city upon whom premiums are paid is conclusively within the Act. This section does not limit the provisions thereof to a hired employee as distinguished from an elected official. If the insurer has collected a premium based upon the salary of any person working for the city drawing such salary, the matter is conclusively settled by this statute.

We see no reason to hold otherwise in the case at bar. It is therefore held that the applicant was under the compensation act *provided her salary was included in the calculation of the insurance premium.* The Industrial Court made no finding concerning this last requirement.

■ In the case of Orman v. Capitol Steel and Iron Company, Okl., 289 P.2d 375, the court said in the first paragraph of the syllabus:

"The State Industrial Commission must make specific findings of the ultimate facts responsive to the issues as well as the conclusions of law upon which an order is made granting or denying compensation."

The case is therefore remanded to the Industrial Court with directions to determine as a fact whether applicant's salary was included in the computation of the premium. If it was so included, the Court will enter judgment for such compensation as her injuries justify. If her salary was not so included, the claim must be dismissed.

**908**

BLACKBIRD, C. J., HALLEY, V. C. J., and DAVISON and BERRY, JJ., concur.

WILLIAMS and JACKSON, JJ., concur in result.

WELCH and IRWIN, JJ., dissent.