The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following question: What interpretation should be given to the provisions of Title 85 O.S. 22 [85-22](5) (1977) with respect to penalties imposed thereby? The pertinent portions of the cited statute describe a penalty imposed upon an employer who, following requisite notice, fails, neglects or refuses to commence the payment of temporary total disability (T.T.D.) payments as required in 85 O.S. 22 [85-22](2) (1977). Specifically, the statute provides: "The following schedule of compensation is hereby established: "2. Temporary Total Disability. In cases of temporary total disability, sixty-six and two-thirds percent (66 2/3%) of the employee's average weekly wages shall be paid to the employee during the continuance thereof, but not in excess of three hundred (300) weeks, except as otherwise provided in the Workers' Compensation Act. "5. Notwithstanding any other section of the Workers' Compensation Act, temporary disability shall be payable without an award by the Court. The first payment of temporary disability compensation shall become due on the tenth day after the employer has received notice of injury as specified in Section 24 of this title. All compensation owed on that date shall be paid and thereafter payments shall be made weekly except when otherwise ordered by the Court. "If any compensation payments owed without an award are not paid within ten (10) days after becoming due there shall be added to such owed payments an amount equal to ten percent (10%) of the amount due which shall be paid at the same time in addition to the owed payments unless such nonpayment is excused by the Court after a showing by the employer that conditions exist over which the employer had no control in that either payments were not made within the prescribed time or the employer denies coverage within the time specified for the employer to respond." Constrained as we are to interpret statutes to reach the true meaning and purpose of the legislation and to avoid useless consequences, (Okl. 1975) Tannehill v. Special Indemnity Fund, 538 P.2d 590, 592, we note that the provisions of 85 O.S. 22 [85-22](5) of the Workers Compensation Act ("the Act") did not exist prior to the extensive legislative amendments to the Act by the 1977 Legislature. Moreover, we have identified no Oklahoma appellate court expressions on the penalty provisions of 85 O.S. 22 [85-22](5). Two factors must be kept in mind in construing the legislative purpose of 85 O.S. 22 [85-22](5): first, the 1977 Legislature expanded the scope of the coverage of the Act to include virtually every employment relationship within the State, 85 O.S. 2 [85-2], 85 O.S. 2b [85-2b], 85 O.S. 2. second (1977), the rights of an employee to a common law claim against an employer required to furnish compensation under the Act are abrogated. Section 12, Section 122. Inasmuch as an injured employee is confined to the Act for a financial remedy for the loss of wages or salary occasioned by a job-related accidental injury or illness, the Legislature's purpose in requiring prompt payment of T.T.D. benefits becomes clear. The provisions of 85 O.S. 22 [85-22](5) compels an employer, with or without an order of the Workers Compensation Court ("the Court"), to commence payment of T.T.D. benefits within ten (10) days of the date of notice of the employee's injury. The obligatory language of 85 O.S. 22 [85-22](5) is unmistakable: "The first payment . . . shall become due on the tenth day after . . . notice of injury . . . ." See also, Court Rule 14, effective September 15, 1979: "Upon the receipt of notice that an employee has been injured, the employer has an obligation under the Workers' Compensation Act to provide that employee with reasonable and necessary medical treatment and to commence temporary compensation in the event that the employee is disabled and unable to return to work for more than three (3) calendar days. It is not necessary for there to be any order of this court directing the employer to provide these benefits. The fact that an employer does begin to provide these benefits on a voluntary basis as outlined in this court rule shall not constitute an admission of liability on the part of the employer* * *" Emphasis added Within such time constraints, an employer is required to bring to date any past T.T.D. benefits which have accrued between the date of injury and the date of first T.T.D. payment and, thereafter, to pay temporary benefits on a weekly basis. Parenthetically, while we take notice that most employers rely upon their insurers to monitor the employer's compensation obligations, it is nonetheless the employer's obligation to comply with the Act. See 11: "Every employer subject to the provisions of the Act shall pay . . . compensation . . . ." Emphasis added As a means of assuring compliance with the prompt payment requirements of T.T.D. benefits to supplant the lost wages and salary occasioned by the compensable injury or illness, the 1977 Legislature imposed a ten percent (10%) penalty "of the amount due which shall be paid at the same time in addition to the owed payments." 85 O.S. 22 [85-22](5). Such a penalty is imposed if the T.T.D. payment is not made by the employer, or its insurer, within ten (10) days "after becoming due." The penalty, however, may be excused by the Court under certain prescribed conditions. Looking to the substance of somewhat obscure language of 85 O.S. 22 [85-22](5), it appears that the Court may excuse the penalty upon its finding either that the delayed payment resulted from circumstances over which the employer had no control or that the employer denies "coverage" within the time for response to the claim of the employee. For the time specified, see Court Rule 17. The obligation of an employer to pay timely benefits to an injured employee exists with or without an order of the Court. The penalties imposed by 85 O.S. 22 [85-22](5) are expressly applied to delayed payments which occur where an employer fails to comply with the Act without a court order. The language of the statute, i.e., ". . . temporary disability shall be payable without an order . . .," when combined with the objects of the Act, makes clear that the penalties of 85 O.S. 22 [85-22](5) apply as well to delayed payments made by reason of an order of the court. The obligation of an employer to pay compensation and the entitlement of an employee to receive compensation are vested and fixed by law at the time of injury in a covered employment. Apple v. State Ins. Fund (Okl. 1975) 540 P.2d 545, 547. Accordingly, where delayed payments are ordered to be made by the court, the court as a part of its order, is required by statute to affix the penalties imposed by 22(5) to delayed payments unless findings are made that the statutory factual exceptions are present. Your request for an opinion poses questions relating to the statutory exceptions of 85 O.S. 22 [85-22](5). You ask, "what would constitute 'conditions over which the employer had no control?' " It is clear that, for the most part, an answer to your question involves issues of fact which cannot be answered here. However, we note that the uncontrollable circumstances effect the "employer," as contrasted with a third party insurer. Such a conclusion is consistent with the statutory mandate that it is the employer who is responsible for securing the payment of compensation. How the employer accomplishes the fulfillment of its duty is immaterial to the compulsion to perform that duty. It would not appear, therefore, that the requisite finding of uncontrollable circumstances could be predicated upon evidence that the circumstances were, in reality, an omitted failure of an insurer to receive timely notice, to conduct a prompt investigation or to issue timely payment. The employer, under such circumstances, is obliged irrespective of the lack of diligence of an insurer to assure to its employee the timely payment of compensation benefits. Your opinion request further questions the meaning of the denial of "coverage" as one of the statutory excuses, that is, whether the phrase means the denial of "coverage" under the Act or an insurer's obligation of "coverage" under a policy of insurance. Given the remedial nature of the Act combined with the liberal construction of its provisions to be made to accomplish its purpose, AMF Tuboscope Co. v. Hatchell (Okl. 1976) 547 P.2d 374, a denial of coverage must be limited to a claim that the employer is not of the class of employers to which the Act applies. Such is one of the threshold questions to jurisdiction of the court. As expressed in the syllabus of Colvin v. Chapman,190 Okl. 214, 122 P.2d 158 (1942): "The jurisdiction of the State Industrial Commission to award compensation is limited to cases where the relation of master and servant exists and where the employment is one which is subject to and covered by the provisions of the Workmen's Compensation Act . . ." Emphasis added It is clear from the tenor of the language of 85 O.S. 22 [85-22](5) that the Legislature did not intend to permit escape of an employer's obligation to commence the payment of compensation by the mere filing of a pleading but requires a finding that the employment itself did not fall within the terms of the Act. Two additional factors require the conclusion that the denial of "coverage" refers to covered employment. First, it must be recalled that it is the primary obligation of the employer to pay compensation, 11, and the Act prescribes the acceptable means by which an employer "shall secure" the payment of compensation to the injured employee 61. The employer is able, well in advance of an injury, to determine whether he is an "employer" governed by the terms of the Act. The second factor is that the penalty for delayed payment of T.T.D. applies to all employers whether the employer secures the payment of compensation through an insurance policy or from its own funds as a self-insured or "own risk" employer under the Act. To suggest that an excuse for delayed payment refers to an insurer denying coverage under its insurance contract with an employer is to deny the fundamental obligation of the employer to pay the compensation and to permit an employer covering its obligation with an insurance policy to have an excuse for delayed payment not available to an "own risk" employer. It is, therefore, the official opinion of the Attorney General that: 1. The obligation of an employer to commence payment of temporary total disability benefits as prescribed by the Workers Compensation Act to an injured employee within ten (10) days following notice of injury is mandatory. 2. Where the payment of temporary compensation is not made by an employer within ten (10) days of the date the payment becomes due, the employer shall pay an additional ten percent (10%) of the sum then due. 3. The ten percent (10%) penalty imposed by 85 O.S. 22 [85-22](5) of the Workers Compensation Act applies to each delayed temporary compensation payment. An employer may be excused for delayed temporary compensation payments upon a finding by the Workers Compensation Court for each delayed payment that the employer (1) was prevented from causing such payments to be made by conditions over which the employer had no control, or (2) that the employer, within times specified for response has caused to be filed and subsequently proves that the employment was not covered under the Act. The penalties for delayed payment of temporary compensation prescribed under 85 O.S. 22 [85-22](5) (1978) are applicable to past due payments owed by the employer and made pursuant to court order absent the existence of a finding by the court that such penalties are excused. (MANVILLE T. BUFORD) (ksg)