Peter DANNA, Appellant,

v.

ECONOMY HEAT & AIR SAVERS, INC., d/b/a Don Barham Painting, Appellee.

No. 57490.

Court of Appeals of Oklahoma, Division No. 4.

April 19, 1983.

Released for Publication by Order of the Court of Appeals May 20, 1983.

---

6. Foreclosure Deed, Exhibit "C" to Motion for Summary Judgment.

7. Exhibit "B" to Motion for Summary Judgment.

Glenn J. Sharpe, Midwest City, for appellant.

J. Dennis Ryan, Oklahoma City, for appellee.

BRIGHTMIRE, Presiding Judge.

The fundamental question here is whether the trial court correctly determined that he had no jurisdiction over the subject matter of this action—a personal injury action by one independent contractor against another for serious on the job injuries. We hold he did not and reverse.

I

The background facts are not in any material respect disputed so far as the issue we are to decide is concerned. October 28, 1980, this action was instituted by Peter Danna against Economy Heat & Air Savers, Inc., to recover for serious injuries suffered on September 4, 1980. On that date both parties were under contract with Oklahoma City University to do certain work on its theater—plaintiff to do some carpenter work and defendant to do some painting.

At about 0900 hours plaintiff was unwinding some compressor hose when all of a sudden he was struck by defendant's falling scaffold resulting in a fractured ankle, a severed right ear, a damaged right eardrum, an impairment of his breathing to the extent of requiring use of a mechanical breathing apparatus, accompanied by multiple cuts and bruises.

The allegation was that the scaffold fell as a result of the negligence of defendant.

A little over three months later defendant answered with a general denial. On August 31, 1981, defendant filed a motion for summary judgment grounded on the legal premise that the district court lacked jurisdiction over plaintiff's tort action because such action had been abrogated by the Workers' Compensation Act which defendant says provides "an exclusive remedy for injuries sustained by a worker while on the job where two separate entities were working on a common task of repairing and redecorating a theater for Oklahoma City University. *O'Baugh v. Drilling Well Control, Inc.,* [Okl.] 609 P.2d 355. [sic]"

On September 10, 1981, the trial court "sustained" the motion, and though he did not enter a judgment we will treat the order as though one was rendered. The basis for the order was predicated on these "findings of fact." First, the court found plaintiff "was an independent contractor employed by Oklahoma City University." Second, defendant was also an independent contractor employed by the university. Third, the university acted as the general

contractor for the theater renovation work and supervised the project. Fourth, both "independent contractors were on the job at the same time and were joined in the common task of" renovating the theater when the injury occurred. Fifth, plaintiff's cause of action is abrogated by the Workers' Compensation Act.

It is ironic that the trial court made no mention of the fact that plaintiff had earlier filed a claim for workers' compensation against the university and that the compensation court had rejected the claim upon learning that claimant was an independent contractor. That holding became final prompting Danna to seek redress in the district court.

## II

 The radix of the problem, we think, is a failure to respect or consider fundamental legal constituents. Only "employees" as defined by the Workers' Compensation Act—85 O.S.1981 § 3(4)—are entitled to its benefits. An independent contractor is not such an employee and cannot claim workers' compensation. *Ron-Jon Company, Inc. v. Pinson,* Okl., 555 P.2d 1014 (1976); *Colvin v. Chapman,* 190 Okl. 214, 122 P.2d 158 (1942); *W.H. Butcher Packing Co. v. Hixon,* 189 Okl. 700, 119 P.2d 1019 (1941). The act does not, and for that matter could not constitutionally, abrogate causes of action possessed by those not beneficiaries of it.

It is not disputed that plaintiff and defendant were both independent contractors. Defendant offers *O'Baugh* and other cases cited in it in defense of the summary adjudication. But the legal debates, dilemmas and discriminations evulgated in *O'Baugh* concern not one independent contractor against another but an employee against an employer.

Surely plaintiff's cause of action has to be upheld, otherwise he is faced with a "Catch 22." That is, he can obtain no workers' compensation benefits because he is an independent contractor and he cannot pursue a common law remedy because it has been abolished by the compensation act. This, in substance and effect, is the reasoning of the defendant. It is, in our opinion, specious.

The judgment below is reversed and the cause remanded with instructions to grant plaintiff a new trial.

DeMIER and STUBBLEFIELD, JJ., concur.