Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of AIME BRASSARD (FRED TALBOT), Claimant, Respondent, for Compensation under the Workmen's Compensation Law, *v.* THE DELAWARE AND HUDSON COMPANY, Employer and Self-Insurer, Appellant.

Third Department, March 5, 1919.

**Workmen's Compensation Law — application for work on railroad not equivalent to employment — injury to applicant before employment.**

An employee who had worked at the coal chutes of an interstate railroad in a foreign State who gave up his employment and was paid in full upon the statement that he desired to work for the railroad company in this

State, and who, having traveled upon a pass into this State, delayed for two days before applying for work here and was then told to report the following morning to find out whether there was work for him, was not in the employment of the railroad although he was allowed to have supper and breakfast at the railroad boarding car. Where it appears that he did not report at the hour appointed and was subsequently injured when returning to the boarding car for a noon-day meal which he was not authorized to take he is not entitled to an award. Under the circumstances the conversation relating to the employment was purely tentative and the person injured was never in fact employed.

*It seems* that, even if he had been employed, he was not when injured acting in the course of his employment, for he was not going to or from his work at the time of his injury, nor was he going to a meal during an interruption of his work for he had not yet worked at all.

JOHN M. KELLOGG, P. J., dissented.

APPEAL by the defendant, The Delaware and Hudson Company, from an award of the State Industrial Commission, dated the 5th day of October, 1918, granting compensation for the loss of a left arm.

*Lewis E. Carr,* for the appellant.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], and *Robert W. Bonynge,* counsel to the State Industrial Commission, for the respondent Commission.

*William T. Byrne,* for the respondent claimant.

H. T. KELLOGG, J.:

The claimant was injured in the railroad yard of the Delaware and Hudson Company at Colonie, N. Y., at about noon on the 5th day of January, 1918. He was on his way across the tracks in the yard to get a mid-day meal at a dining car provided for employees. Finding that a train occupied one of the tracks, he started to cross underneath a car when the train moved and he was struck. Claimant asserts that he was at the time an employee of the Delaware and Hudson Company, and was injured while in the course of his employment.

The claimant had been employed by the appellant at its coal chutes at Colonie, N. Y., for 75 hours during the months of April and May, 1917. He was not again employed by the appellant until December, 1917, during which month he worked for 164 hours at its coal chutes at Carbondale,

Penn. While at the latter place he informed a Mr. Kutz, who kept a railway boarding house for the appellant, that he desired to get work at Colonie. He obtained from him a railway pass to Colonie, and, being paid in full, started for Albany over the railroad of the appellant. Arriving on the night of January 2, 1918, he remained in Albany until the fourth of January, paying his own expenses for board and lodging. While there he made application to an employment bureau for work in the employ of the appellant. At about four of the afternoon of January fourth he left for Colonie. He arrived at about four-thirty, and there interviewed a clerk of the appellant whom he asked for work. He was questioned as to his work at Carbondale, and was told that while no such work was open there was a call for three men at the roundhouse in the yards at Colonie. He told the clerk that he desired to lodge and board at the railway cars provided by the appellant for employees, at four dollars and twenty cents a week. The clerk handed him a card marked with a number, and gave cards to two applicants for work who had accompanied claimant. He handed claimant a piece of paper, to use at the boarding car, reading, " Give these three men supper and breakfast," and told him to report at the office before seven in the morning to find out where he was to work and what the work would be. The character of the work to be done was not agreed upon, and the compensation to be paid was not mentioned. The claimant got his supper and breakfast at the boarding car, and spent the night on a sleeping car of the appellant which was provided for laborers. He did not return in the morning before seven to the clerk at the office as instructed, but instead slept until eight-thirty, and, having had his breakfast, spent the morning on the sleeping car. When the noon-day whistle blew he started across the tracks for the boarding car to get his dinner, and it was then that he was struck and injured.

The claimant was not an employee of the appellant at the time of the accident. He was not such an employee through the continuance of any contract made at Carbondale. He worked at that place by the day, and was paid by the day at an hourly and over-time rate. It must certainly be that a laborer not at work remains in an employment only by virtue of con-

tinuing promises both to hire and to work. If there is no
binding promise to work further there is no binding promise
to hire further. Claimant did not promise to work at Carbon-
dale for more than a day at a time. Nor when he left that
place did he promise to work for appellant at Colonie. More-
over, he was not then promised further work, nor does it
appear that any person at Carbondale to whom he talked
had power to engage him for work at Colonie. His conduct in
remaining in Albany two nights and days, and in applying at
the employment bureau there for work clearly shows that he
did not consider himself to be at the time an employee of the
appellant. Nor did the claimant become an employee through
his conversation with the clerk at Colonie. No contract was
then arrived at, for neither the work to be done nor the com-
pensation to be paid was agreed upon, nor did the clerk
positively state that he would give the claimant work. The
conversation was purely tentative, and the claimant and the
clerk were to arrange the matter on the following morning.
That is why the claimant was told to come to the office before
seven o'clock. That is why the clerk gave claimant a ticket
for supper and breakfast only. Even if an offer of work was
made, that offer was conditional upon the return of the
claimant, and when claimant failed to return the offer ter-
minated. It is clear that the claimant, though an applicant
for work, was never, in fact, employed.

Even if claimant was an employee of the appellant, he
was not acting in the course of his employment when
injured. It is true that an employee is within the pro-
tection of the Workmen's Compensation Law not only when
actually at work, but also while upon the premises of his
employer he is going to or from work or to or from a meal, or
while at a meal which is had upon the premises during a
temporary interruption of work. This claimant was not going
to or from his work at the time of the injury, nor was he
going to a meal during the interruption of his work, for he
had as yet not worked at all. Finally, he was not going to
a meal upon the premises, which he was permitted to take there,
for his card to the boarding house was for supper and breakfast
only, and both these meals he had already eaten. He had no
right to a noon-day meal at the boarding house. Therefore,

the claimant, even though an employee, was not in the course of his employment when injured.

The award should be reversed and the claim dismissed.

All concurred, except John M. Kellogg, P. J., dissenting.

Award reversed and claim dismissed.