Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MEYER LEDERSON, Respondent, for Compensation under the Workmen's Compensation Law, *v.* CASSIDY & DORFMAN, Employer, and ROYAL INDEMNITY COMPANY, Insurance Carrier, Appellants.

Third Department, March 2, 1921.

**Workmen's Compensation Law — relation of parties — person injured during test as to knowledge respecting operation of · machine is not an employee.**

An applicant for work, claiming to be a machine operator, who was injured while adjusting a machine to do work assigned to him by an employer to test his qualifications, was not an employee at the time of the injury, as his employment or non-employment depended on the result of the test.

KILEY, J., dissents, with opinion.

APPEAL by the defendants, Cassidy & Dorfman and another, from a decision and award of the State Industrial Commission, made on the 25th day of February, 1920, and also from a decision and award of said Commission made on the 11th day of June, 1920.

*Frank J. O'Neill* [*Barnett Cohen* of counsel], for the appellants.

*Charles D. Newton, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

JOHN M. KELLOGG, P. J.:

This is an appeal from awards of compensation made by the State Industrial Commission February 25, 1920, and June 11, 1920. The employer needed a man to run one of its machines. An employee brought with him the claimant, who had a union card and represented himself to be an operative. The finding is that the employer informed " the claimant that he would like to see whether or not the claimant knew how to operate a machine before he would hire him. The claimant undertook to prove his qualifications by operating a machine assigned to him by the said William Dorfman and before actually starting on any work on the machine, and while preparing the machine for the purpose of doing certain work assigned to him by

William Dorfman, which was to test his ability, and while engaged in the regular course of his employment in adjusting a strap on the machine, which had become loose, the left hand of the claimant got caught in the said machine, thereby causing him to sustain a strain and possible fracture of the left shoulder, together with lacerations of the body, as a result of which injuries he was disabled from October 14, 1919, to February 25, 1920, on which date he was still disabled."

It seems to me there was clearly no contract of employment. The respondents seek to sustain the award by cases where student brakemen had been put upon a train to learn the business and were injured while learning. But there the students were working with the understanding that they were to have compensation when they learned to do the work. Here the company did not undertake to teach the claimant; he claimed to be an operator and it was understood that before any question of employment, wages or work was discussed, he must demonstrate that he was an operator. The employment or non-employment depended upon the result of the test. It cannot be said that while making the test he was an employee; he was simply trying to prove that he was fit to become an employee. I think the case is fairly within *Brassard* v. *Delaware & Hudson Co.* (186 App. Div. 647). And see *Varney* v. *Ditmars* (217 N. Y. 223, 228).

I favor a reversal and a dismissal of the claim on those authorities.

All concur, except Kiley, J., dissenting, with a memorandum.

Kiley, J. (dissenting):

It must be that some evidence in this record was overlooked. The employer's report of injury contains the following: "Did accident happen on the premises? Yes. Away from the plant of employer? No. Full name of injured employee: Max Lederson. * * * Occupation when injured? Operator. Was injured employee doing his regular work? *Just started.* How long was injured person in your employment? Just started. Piece or time worker? Week. Working hours per day? Nine." The injured employee in his claim for compensation says he was a time

worker with wages at fifty dollars per week. In his evidence upon a hearing he explained that nothing was said about wages because he had a union card and the schedule of wages for an operator was fixed by the union and that the employers, one of whom was there when he started to work, knew that he would have to pay and claimant receive the schedule rate. This was not denied. Mr. W. F. Quigley, who represented the appellant carrier upon the hearing, under date of April 7, 1920, wrote the Industrial Commission as follows: " There is no dispute as to the rate of compensation. The question we raise is one of law." A hearing was had on February 25, 1920, and an award was made in favor of the claimant. The appellant carrier asked for a further hearing for the purpose of examining one of the firm as to the contract of hiring, which was granted. That came on June 11, 1920; the member of the firm whose testimony was desired was ill; the attorney for the carrier was permitted to state, for the record, what he would testify to if he was present and sworn as a witness. It was as follows: That claimant was unknown to the employer who met him at the factory, that a conversation ensued, and that the member of the firm said to him, " I would like to see whether or not you know how to operate a machine before I can hire you. Just come into the factory and show me. If you are satisfactory we will then agree upon a price if I decide to take you on." Claimant denied that the employer said anything of the kind to him, saying he knew the union scale and what he would have to pay for his work and what his work was; that he pointed out the machine to him upon which he was to work and which he was to operate; that the foreman brought a bundle of cloth or cut goods to him upon which he was to work; that he proceeded to get his machine ready and was so doing when the accident occurred. If the claimant's story was true, he had started in upon his employment and he would be entitled to compensation; if it was not true, then he would not be entitled to compensation. This presented a question of fact which the Commission was called upon to resolve. Having resolved it in favor of the claimant, can we disturb the finding? (Workmen's Compensation Law, § 20, as amd. by Laws of 1919, chap. 629.) " The decision of the Commission shall be final as to all questions of fact, and, except as pro-

vided in section twenty-three, as to all questions of law." Section 23 (as amd. by Laws of 1917, chap. 705) permits an appeal on questions of law. *Brassard* v. *Delaware & Hudson Co.* (186 App. Div. 647) presents a different state of facts from that here involved, and is not controlling. I favor affirmance.

Award reversed and claim dismissed.