**COWETA CASING CREW et al. v. HORN et al.**

No. 14848—Opinion Filed Feb. 10, 1925.

1. **Master and Servant — Workmen's Compensation—Industrial Commission Award —Review—Lack of Evidence.**

Where an award of the State Industrial Commission is based upon its findings, and there is no testimony in the record reasonably supporting such findings, the award of the commission based on such findings will be reversed as contrary to law.

2. **Same—"Employe" and "Wages."**

Under subdivisions 4 and 8 of section 7284, Comp. Stat. 1921, the terms "employe" and "wages" are correlative terms and should be construed together in determining what persons are entitled to compensation, and where the testimony in the record brought to this court discloses that the employer of the injured workman was not made a party to the proceedings before the Industrial Commission, but that the award was made against the injured workman himself and his associated workmen, such award

is wholly without support in the evidence and is contrary to law.

(Syllabus by Logsdon, C.)

Commissioners' Opinion, Division No. 1.

Original action by United States Casualty Company as petitioner, against W. P. Horn and the State Industrial Commission, as respondents, to reverse an award made by the State Industrial Commission in favor of W. P Horn. Reversed, with directions.

W. P. Horn, Charles Box, Ely Box, Walter Evans, and Shell Box constituted a partnership engaged in casing wells in the oil fields for contractors drilling such wells. This partnership would make a contract to case a well, and when the drilling contractor was ready for the casing crew he would notify them and they would proceed to place and set the casing. Sometime prior to the accident made the basis of this proceeding, the exact date not being disclosed by the record, two members of this partnership, W. P. Horn and Ely Box, made application to the agent of the United States Casualty Company for a policy of compensation insurance to cover the members of this partnership, and deposited with the agent the advance premium required. April 30, 1923, this partnership was engaged in casing a well three miles south of Coweta for B. F. Jackson, a drilling contractor of Tulsa. Respondent, W. P. Horn, got the little finger of his right hand caught in the casing elevator and the finger was broken and cut so that he was unable to perform his usual work for a period of six weeks. He made application to the Industrial Commission for an award of compensation. and a hearing was had on said application September 8, 1923, at Tulsa. Thereafter, on October 4, 1923, the Industrial Commission made and entered its order allowing compensation for the injury at the rate of $18 per week for a period of six weeks, and requiring the Coweta Casing Crew or the United States Casualty Company to pay a total of $108 within ten days from that date, together with all medical expenses incurred. This proceeding is brought by the United States Casualty Company to review the proceedings of the Industrial Commission and to have its order of October 4, 1923, vacated.

Ernest J. Kubeck, for petitioners.

Geo. F. Short, Atty Gen., and Baxter Taylor, Asst. Atty. Gen., for respondents.

Opinion by LOGSDON, C. Petitioner presents and argues a number of propositions in its brief as grounds for vacating the award of the Industrial Commission. These various propositions may all be comprehend-

ed within the single proposition that the findings of the Industrial Commission are contrary to the clear weight of the evidence, and that the award based on such findings is contrary to law and unauthorized. The findings of fact made by the Industrial Commission are numbered 1 to 7, and read as follows:

"(1) That the claimant herein was in the employ of the Coweta Casing Crew and was engaged in a hazardous occupation within the meaning of the statute and that while in the employ of said respondent and in the course of his employment, the claimant received an accidental injury on April 30, 1923.

"(2) That, as a result of said accident, the claimant was temporarily totally disabled from performing his work for six weeks after April 30, 1923.

"(3) That the respondent had proper notice of said accident and the claimant filed his claim with the Commission within the statutory period.

"(4) That the claimant's average wage at the time of his injury was $8 per day.

"(5) That William P. Horn, Chas. Box, Walter Evans and Shell Box, were members of a casing crew; that they applied to a contractor by the name of Huchinson who refused to give them work unless they carried workmen's compensation insurance; that they made application to the insurance agent for workmen's compensation insurance covering the Coweta Casing Crew; and were informed by the insurance agent that the insurance became effective on the date of application; were also informed the crew were protected from the date of application; and it covered all the members of the casing crew composed of the above five men.

"(6) That the United States Casualty Company accepted a deposit as premium for compensation insurance for all members of the Coweta Casing Crew.

"(7) That the United States Casualty Company, the insurance carrier herein, is now liable for compensation due William P. Horn for injury he received on April 30, 1923."

Upon these findings the Commission concluded as a matter of law that the claimant is entitled to $18 per week for a period of six weeks, being a total sum of $108. The above findings of fact by the Commission are based upon the testimony of W. P. Horn, who was the only witness introduced at the hearing, and his testimony is all the evidence taken upon the hearing according to the certificate attached to the transcript. The testimony upon which the first four findings of fact by the Commission are based is as follows, on direct examination:

"Q. Give your name and place of residence? A. W. P. Horn. Q. What is your occupation? A. Operating casing crews. Q. Did you receive an injury on the date of April 30th? A. I did. Q. What were your wages? A. Eight dollars per day on that day; forty dollar job. Q. Did you notify any person or any member of the firm that you were injured? A. I had no one to notify. I was manager of the casing crew and I made report to the Commission. * * * Q. What was the understanding of wages you would get? A. From one to seven hundred feet. twenty-five dollars. We didn't draw any wages, all by job work. Q. What wages did you draw as a partner? A. No stipulated wages. Q. How were you paid? A. By contract. Q. Was it properly divided between you and the men? A. Yes, sir; between me and the four men."

It is apparent from an examination of the testimony of W. P. Horn, and especially of the excerpts therefrom above quoted, which is all of his testimony concerning his employment by the Coweta Casing Crew, that he gave no testimony upon which to base a finding of fact that he was an employe of the Coweta Casing Crew. On the contrary, when asked if he notified his employer of the accident he expressly stated that he had no one to notify as he was the manager himself, and when asked what wages he drew as partner he expressly stated that no wages were stipulated, but the work which the casing crew did was done by contract and the proceeds divided equally among the five. Under the provisions of chap. 246, Sess. Laws 1915, as amended by chap. 14, Sess. Laws 1919, this testimony falls far short of establishing that the claimant was an employe of the Coweta Casing Crew. In fact it establishes the contrary fact. Section 2, art. 1, chap. 246, Sess. Laws 1915, declares that, "Compensation provided for in this act shall be payable for injuries sustained by employes." etc. Subdivision 4 of sec. 3 provides:

" 'Employe', means any person engaged in manual or mechanical work, in the employment of any person, firm or corporation carrying on a business covered by the terms of this act."

**Subdivision 8 of sec. 3 reads:**

" 'Wages' means the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident," etc.

The words "employe" and "wages," as used in these definitions, are correlative terms and their definitions should be considered together in determining who are embraced in section 2 of the act. Thus considered, it is readily seen that compensation shall be payable for injuries sustained (sec. 2) by

"any person engaged in manual or mechanical work" (subd. 4, sec. 7284), "under contract of hiring in force at the time of the accident" (subd. 8, sec. 7284).

On cross-examination, as to his employment and the name of his employer at the time of the accident, he testified as follows:

"Q. Who paid you full wages at the time? Who paid you the forty dollars? A. B. F. Jackson. Q. Who was he? A. Drilling contractor, 307 Cosden Bldg., Tulsa, Okla."

It is clear that this case is controlled by the decision of this court in the case of Associated Employers' Reciprocal et al. v. State Industrial Commission et al., 83 Okla. 73, 200 Pac. 862, where it is announced in the second paragraph of the syllabus:

"In a proceeding before the State Industrial Commission, seeking compensation for an alleged injury, the burden of proof is upon the claimant to show by the evidence that the injury complained of was accidental and arose out of and in the course of his employment."

This conclusion is not in conflict with Ohio Drilling Co. v. State Industrial Commission et al., 86 Okla. 139, 207 Pac. 314, relied on by the Attorney General. There the uncontradicted evidence showed that the four partners each drew $14 per day wages from the partnership regardless of what the partnership earned. The excess profits formed a fund for the purchase of tools, payment of salaries, and other expenses.

The seventh finding by the Commission is not a finding of fact at all, but a conclusion of law based on the fifth and sixth findings of fact. The contract of insurance between the parties, if any ever existed, was not introduced in evidence. That the oral testimony of W. P. Horn was wholly insufficient to establish the existence of the contract of insurance, and to prove its terms and conditions, is elementary. Therefore, the testimony was wholly insufficient to support the legal conclusions announced by the Commission "that the United States Casualty Company, the insurance carrier herein, is now liable for compensation due William P. Horn for injury he received on April 30, 1923." It is considered that a case for compensation under the law was made, but the parties liable for such compensation, under claimant's testimony, were not made parties to the original proceeding before the Commission.

For the reasons herein stated this cause should be reversed, with directions to the State Industrial Commission to vacate its order of October 4, 1923.

By the Court: It is so ordered.

Note.—See under (1) C. J. Cyc. Workmen's Compensation Acts p. 123; (2) pp. 41, 117 (1926 Anno).