## Ex parte LEE.

No. 26596. Nov. 26. 1935.

Rehearing Denied Jan. 7, 1936.

RILEY, J. The petitioner, W. D. Lee, was convicted of the violation of ordinance No. 4524, city of Oklahoma City (commonly known as the segregation ordinance). In default of the payment of a fine of $10, assessed against him, he was, by order of the municipal court, remanded to the custody of Honorable John Watt, chief of police, and by said officer imprisoned.

On September 5, 1935, the petitioner sought relief by petition for writ of habeas corpus presented to the Honorable R. P. Hill, district judge, but the petition was denied. Thereupon an original action was filed in the Supreme Court, and the same relief was sought. On September 5, 1935, this court issued its writ of habeas corpus and ordered petitioner released on bail. A bond for this purpose was executed and approved. The chief of police has filed his return.

The sole issue presented is the constitutionality of the segregation ordinance, and that issue is decided by the opinion in Allen v. Oklahoma City et al., 175 Okla. 421, 52 P. (2d) 1054, this day promulgated. The bond is exonerated and petitioner is discharged.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, CORN. and GIBSON, JJ., concur. PHELPS, J., not participating.

## SCOTT et al. v. WATT, Chief of Police, et al.

No. 26571. Nov. 26, 1935.

Rehearing Denied Jan. 7, 1936.

Bruce & Jefferson, for plaintiffs in error.

Harlan Deupree, Municipal Counselor, and Ralph May, Asst. Municipal Counselor, for defendants in error.

RILEY, J. The plaintiffs below, plaintiffs in error, sought by this action injunctive process to restrain and prevent the enforcement of ordinance No. 4524, city of Oklahoma City. From an adverse judgment an appeal has been perfected. The issue presented is determined by the decision in Allen v. Oklahoma City et al., 175 Okla. 421, 52 P. (2d) 1054, this day determined. The cause is reversed and remanded, with directions to proceed in conformity with the views expressed in the cited companion cause.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, BUSBY, WELCH, CORN, and GIBSON, JJ., concur. PHELPS, J., not participating.