## SARTIN v. STATE INDUSTRIAL COMMISSION et al.

No. 28186. July 5, 1938.

F. A. Greene and C. A. Ambrister, for petitioner.

Rolland O. Wilson, Orbie E. Siler, and Mac Q. Williamson, Atty. Gen., for respondents.

PER CURIAM. This is an original proceeding in this court brought to obtain a review of an order made by the State Industrial Commission whereby it dismissed for want of jurisdiction a claim to compensation made by Earl Sartin, hereafter referred to as petitioner, against Moran-Buckner Company and its insurance carrier, hereafter referred to as respondents.

The record shows that on January 23, 1936, an employee of the Moran-Buckner Company threw some gasoline into an open fire beside which the petitioner was standing, and in so doing splashed some of the gasoline on the petitioner and thereby caused him to be severely burned. The respondents furnished immediate medical attention and hospital care, and under permission granted so to do paid compensation for a period of nine weeks without prejudice to any subsequent denial of liability. The petitioner filed a claim with the State Industrial Commission for an award pursuant to the provisions of the Workmen's Compensation Act. The respondents challenged the jurisdiction of the State Industrial Commission to make any award in the premises for the reason that the petitioner was not an employee of Moran-Buckner Company at the time his accidental injury occurred. The State Industrial Commission, after hearing the evidence of the respective parties, made and entered an order on April 2, 1937, wherein it found, inter alia, that petitioner was not an employee of Moran-Buckner Company at the time he was injured, and that such injury did not arise out of or in the course of any employment of the petitioner by said respondent. On application of the petitioner, the aforesaid order was vacated under date of April 22, 1937, and further hearings were conducted by the Industrial Commission to determine whether the petitioner was entitled to any award. At the close of the hearings thus held, the commission entered, on September 8, 1937, the order which we are now called upon to review, and therein it again found that it was without jurisdiction to make the petitioner any award and reinstated the former order of April 2, 1937.

The petitioner contends that the State Industrial Commission erred as a matter of law in holding that it was without jurisdiction to make him an award under the facts. As stated in McKeever Drilling Co. v. Egbert, 170 Okla. 259, 40 P.2d 32:

"This court in reviewing an award of the State Industrial Commission will not accept as conclusive the findings of fact of the State Industrial Commission concerning a jurisdictional question, but on review will weigh the evidence relating thereto and make its own independent findings of fact with relation thereto."

See, also, Tulsa Rig Reel & Mfg. Co. v. Case, 176 Okla. 262, 55 P.2d 777.

Therefore, the evidence, in so far as it is material to a determination of this cause, will be briefly reviewed. We find that in January, 1936, Moran-Buckner Company was engaged in the construction of an overpass over the Missouri, Kansas & Texas Railway Company tracks on U. S. Highway No. 69 near the city of Eufaula, and that in the performance of said work it used labor certified to it from the local W. P. A. rolls. We further find that no laborer so certified could be given employment for more than 130 hours in any month, and that all such laborers were employed on an hourly basis and were given employment only at intermittent intervals when weather conditions permitted the work to be carried on. We find that the petitioner had been such an employee of Moran-Buckner Company, and that according to his testimony he had worked for 2½ hours January 22, 1936, and had been directed to report back to work the following day; that the petitioner together with a number of other laborers had

reported at the place of work on the morning of January 23, 1936, and were then informed that on account of weather conditions no work could be done. There is a conflict in the evidence regarding whether the men were then unconditionally released or told to hang around the premises and see whether or not the weather would moderate so that it would be possible to do some work later on in the day. In any event some of the workmen remained on the premises and built an open fire a short distance from the office and proceeded to sit and stand around the same in order to keep warm, and were so engaged when the petitioner sustained his injury at the hour of approximately 11 o'clock in the forenoon of said day. We further find from the evidence and the petitioner's own admission that he had done no work on the date of his injury, and that he was not on the pay roll that day and did not receive any wages for such time. Under the above facts, was the petitioner an employee of the respondent Moran-Buckner Company? This court in a long line of cases has repeatedly stated that in order to create the relation of employer and employee, there must exist either an express or implied contract between the parties to that effect, or else such acts on their part must appear as will show unequivocally that the parties recognized the existence of such relation. Snetcher & Pittman v. Talley, 168 Okla. 280, 32 P.2d 883; Campbell v. Elledge, 177 Okla. 601, 61 P.2d 223. In the case of Coweta Casing Crew v. Horn, 106 Okla. 138, 233 P. 475, it was stated that wages and employee are correlative terms and should be construed together in determining what persons are entitled to compensation under the provisions of the Workmen's Compensation Act. Petitioner concedes that he has no exact precedent to apply, and therefore cites us to a number of cases from this and other jurisdictions which involve situations where the nature of the employment rather than its existence or departures from an admitted employment were involved. It is apparent that this is not the situation here, and therefore for this reason we deem the cited cases inapplicable. Here we have a case where a workman had reported with the hope of being selected and given work to perform. He was one of a list of approved persons who would be eligible to work should there be work to be done. The work was not being done by the week or month, but by the hour or day. Each time employment was dependent upon the employer having work to be done and upon whether or not the applicant had worked the number of hours which he could work in any one month. If there was no work to be done or if the applicant had already worked the 130 hours which he could work in any one month, then he could not receive employment, otherwise he might. Even though it be conceded that the petitioner here was told to wait around and see whether, due to a change in weather conditions, work would be available later on during the day, still this constituted the petitioner nothing more than an invitee on the premises of the respondent, and in no sense would it create either an express or implied contract of employment. The situation thus presented is somewhat analogous to that which was presented and discussed in the case, Oklahoma Railway Co. v. Carlton, 175 Okla. 426, 52 P.2d 1039, wherein it was held that a supernumerary employee when injured at a time while discharging no duty of employment could not recover under the Workmen's Compensation Law.

As pointed out by this court in the case of Mastin v. Black, 176 Okla. 46, 54 P 2d 399:

"The first prerequisite to recovery of compensation under the Workmen's Compensation Act (Stat. 1931, sec. 13348, et seq. as amended) is that the relation of master and servant or employer and employee within the meaning of the Compensation Act be shown to exist at the time of the injury, and as to whether or not the facts as disclosed by the record established the existence of such relation within the meaning of the Compensation Law is a question of law for the court."

See, also, Trustees of Masonic Lodge of Elk City v. Smith, 161 Okla. 200, 17 P.2d 430.

In view of what has been said, and in the light of the authorities cited, it is apparent that the petitioner failed to establish the first prerequisite to the claim of an award under the Workmen's Compensation Act, and that therefore the State Industrial Commission very properly dismissed the claim for lack of jurisdiction to entertain it. No errors appearing in the order as made, it is therefore sustained.

BAYLESS, V. C. J., and RILEY, WELCH, CORN, and HURST, JJ., concur.