In the Matter of the Claim of JAMES J. SMITH, Respondent, against VENEZIAN LAMP Co. et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, December 19, 1957.

*Urban S. Mulvehill* for appellants.

*Louis J. Lefkowitz, Attorney-General (Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

*A. R. Ruthoser* for claimant-respondent.

FOSTER, P. J. This is an appeal from an award of compensation. The sole issue is whether claimant was an employee of the alleged employer at the time of the accident.

There is no dispute as to the facts. The alleged employer was a manufacturer of lamps, with its principal place of business at Brooklyn, New York. Claimant sought a job as a polisher, and the man in charge of the company's polishing operations told claimant he would try him out. Accordingly claimant was given a part of a lamp to be polished, which was placed on a spool, and claimant attempted to polish the same by means of a buffing machine. The lamp slipped off the spool, struck the claimant and caused the injuries for which compensation has been awarded. When claimant applied for the job neither wages nor hours of employment were discussed, nor was claimant paid for any work.

After the accident the employer filed an employer's first report of injury with the Workmen's Compensation Board, in which it stated that it was the employer, that claimant was employed as a polisher, and that claimant was being given a trial to test experience to establish base pay. It has been held that statements made by an employer in its first report of injury constitute admissions and have some probative force (*Matter of Bollard* v. *Engel,* 254 App. Div. 162, affd. 278 N. Y. 463). While such reports, in our opinion, have been greatly overemphasized in many cases, we cannot say in this case that the admissions of the employer should be disregarded. It should also be added that the company provided medical treatment for claimant immediately after the accident happened.

Along with the foregoing is an issue more fundamental. Appellants take the position that a test or tryout is not employment within the meaning of the Workmen's Compensation Law, citing a case to that effect decided in this court, by a divided vote, in 1921 (*Matter of Lederson* v. *Cassidy & Dorfman,* 195 App. Div. 613). We think that decision is now outmoded, and some trend in the opposite direction may be noted in more recent cases (*Matter of Domino* v. *Madison County Constr. Co.,* 268 App. Div. 840; *Matter of West* v. *Wood,* 266 App. Div. 705). In any event it is now our view that where a tryout involves an operation that would be ordinarily viewed as hazardous under

the Workmen's Compensation Law a special employment exists. We do not find this view in conflict with any of the definitions of employees, employer and employment as set forth in section 2 of the Workmen's Compensation Law. A tryout is for the benefit of the employer, as well as the applicant, and if it involves a hazardous job we see no valid reason why the applicant should not be entitled to the protection of the statute. The fact that wages are not fixed is not of great consequence for the law would imply a reasonable wage for the type of work performed. Moreover it would be anomalous, and contrary to the more modern concept of employment under the Workmen's Compensation Law, to say to a man who lost an arm while trying out on a buzz saw, for instance, that he is beyond the pale of a statute designed solely for the protection of industrial workers. The difference between such a hypothetical case and the one at bar is merely a matter of degree.

The award should be affirmed, with costs to the Workmen's Compensation Board.

BERGAN, COON, HALPERN and GIBSON, JJ., concur.

Award affirmed, with costs to the Workmen's Compensation Board.