Argued and submitted June 12, affirmed July 21, 1980

In the Matter of the Compensation of
DYKES,
*Petitioner,*
*v.*
STATE ACCIDENT INSURANCE FUND,
*Respondent.*
(WCB 78-6306, CA 16209)
613 P2d 1106

Don S. Dana, Salem, argued the cause for petitioner. With him on the brief was Eddy R. Swearinger, Salem.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for respondent. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Before Schwab, Chief Judge, and Thornton and Richardson, Judges.

THORNTON, J.

## THORNTON, J.

This appeal presents a single issue of statutory interpretation, namely, what is the meaning of the term "services for a remuneration" in defining who is a "worker" covered by the Workers' Compensation Law.

Claimant appeals from a denial by both the referee and the Workers' Compensation Board of his claim for an injury sustained while performimg a physical agility test in the course of trying out for a position as a deputy sheriff of Jackson County. The basis for the denial was that at the time of the claimed injury claimant was not performing services "for a remuneration" as required by ORS 656.005(31).

ORS 656.005(31) states in pertinent part:

" 'Worker' means any person * * * who engages to furnish services for a remuneration subject to the control of an employer."

The essential facts before us are:

Claimant applied for a position as a deputy sheriff. As a prerequisite to consideration for employment, all applicants are required to take an agility test. The test consisted of running 25 yards, scaling a six foot high fence, then running an additional 25 yards. The entire event must be completed within 25 seconds.

While claimant was attempting to scale the fence, he broke his left leg. The accident occurred at a park owned and operated by the City of Medford. Claimant asserts he was under the direction and control of the Jackson County Sheriff's Department, which the State Accident Insurance Fund (SAIF) denies. He was not, however, being paid, nor was there any promise of employment. Claimant was a volunteer reserve deputy. He admits, however, that as a reserve deputy he was not required to take those tests.

[189]

On appeal claimant argues that his remuneration was the possibility of future employment.

As we read the definition in ORS 656.005(31), to be a covered worker a claimant must be subject to the control of an employer and must furnish services to that employer for remuneration. Here claimant does not come within the above definition on either prong.

Claimant argues that the possibility of future employment constitutes "remuneration." This argument is untenable. If this were so, every person who makes application to an employer for a job, fills out an application and takes any kind of test is *ipso facto* an employe. We cannot accept this. While there are no doubt decisions holding that an employe who is injured while engaged in pre-employment training is subject to the control of the employer, he is nevertheless performing services for the employer, namely, receiving training for the future benefit of the employer.

Affirmed.