**Sandra J. YOUNGER, Petitioner,**

v.

**The CITY AND COUNTY OF DENVER, The Denver Police Department, The Industrial Claim Appeals Office of the State of Colorado, and The Director, Division of Labor, Respondents.**

**No. 89CA0690.**

Colorado Court of Appeals, Div. III.

March 15, 1990.

Rehearing Denied April 19, 1990.

Certiorari Granted Sept. 10, 1990.

Gavend & Bryans, Richard B. Gavend, Denver, for petitioner.

Steven H. Kaplan, City Atty., Geoffrey S. Wasson, Asst. City Atty., Denver, for respondents The City and County of Denver and The Denver Police Dept.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Michael P. Serruto, Asst. Atty. Gen., Denver, for respondents Indus. Claim Appeals Office and The Director, Div. of Labor.

Opinion by Judge STERNBERG.

The issue in this review is whether one who is injured during a pre-employment

agility test is entitled to workmen's compensation benefits. We agree with the conclusion of the Industrial Claim Appeals Office (Panel) that one injured during pre-employment testing is not an employee for workmen's compensation benefits. Therefore, we affirm the Panel's order.

The claimant, Sandra J. Younger, was employed as a police communications clerk by the City and County of Denver. She applied for an entry level job as a police officer, passed the written examination, and was injured while taking a physical agility test required of all applicants.

The ALJ found, and the Panel agreed, that the position of police officer was unrelated to claimant's employment as a communications clerk and that claimant was not pursuing a promotional opportunity. Claimant's argument that an injury sustained during a pre-employment agility test should be deemed compensable was rejected. The ALJ and Panel then concluded that an applicant for a job who is not under contract is not an employee under § 8–41–106(1)(a)(I)(A), C.R.S. (1986 Repl. Vol. 3B). Accordingly, the Panel rejected her claim for benefits.

### I.

■ Claimant first contends that the Panel erred in concluding that her job as a communications clerk was unrelated to a job with the same employer as a police officer and that her injury was not incurred while pursuing a promotional opportunity. We disagree.

The Panel's conclusions that claimant was not pursuing a promotion and that she was applying for a job which was in an unrelated system with the City were supported by the evidence, and we may not overturn them on review. Section 8–53–120, C.R.S. (1989 Cum.Supp.). *See May D & F v. Industrial Claim Appeals Office*, 752 P.2d 589 (Colo.App.1988). Indeed, the facts allow no other conclusion.

The employment claimant sought was not a promotion. It was an entry level position in the civil service personnel system operated by Denver. Only police officers and fire fighters are encompassed within the civil service system. In contrast, the claimant's employment as a communications clerk comes within the career service employment system of Denver. Thus, the employment claimant sought was in an entirely different personnel system and was unrelated to career service and her employment as a police communications clerk. Hence, as an applicant for employment within the police department, she stood in the same position as that of any other applicant seeking employment as a police officer.

Claimant was one of over 2,000 applicants for the positions as police officers. In addition to the written tests and the physical agility test other background tests, polygraph examination, and physical examinations are prerequisites to consideration for employment as a police officer. Passing all of these tests did not carry with it a high likelihood of employment because the department hired less than five percent of each group of applicants.

Furthermore, on the day of her injury claimant was on her regularly scheduled day off. She had not been requested or encouraged to seek employment as a police officer by her employer, and was not paid to do so. Had the physical agility testing been scheduled on a regular work day, claimant would have had to take compensatory leave or vacation time to attend the test.

### II.

■ We also disagree with claimant that she was an "employee" while performing the agility test. For the purposes of workmen's compensation, § 8–41–106(1)(a)(I)(A), C.R.S. (1986 Repl.Vol. 3B) defines the term "employee" as:

"Every person in the service of the state, or of any county, city, town, or irrigation, drainage, or school district or any other taxing district therein, or of any public institution or administrative board thereof under any appointment or contract of hire, express or implied...."

Having neither an appointment nor a contract of hire, express or implied, the

claimant was not an "employee" of the police department. Rather, she was one of several hundred applicants being tested for a position to which she aspired; therefore, she was not entitled to compensation under the workmen's compensation act. *See Orr v. Industrial Commission,* 716 P.2d 1106 (1986); *Laughlin Bros. Co. v. Industrial Commission,* 714 P.2d 509 (Colo.App.1985).

It is true, as claimant argues, that courts of other jurisdictions have reached a contrary result. Indeed, in a leading case on this issue, the California Supreme Court awarded benefits to an applicant injured during agility testing. *Laeng v. Workmen's Compensation Appeals Board,* 6 Cal.3d 771, 100 Cal.Rptr. 377, 494 P.2d 1 (1972). However, in our view, the better reasoned approach is that set out more recently in three other jurisdictions and that we here adopt. In *Dykes v. State Accident Insurance Fund,* 47 Or.App. 187, 613 P.2d 1106 (1980), the court held that an applicant for a deputy sheriff position who was injured while taking an agility test was not entitled to benefits. The court reasoned that if coverage did exist for applicants:

> "[E]very person who makes application to an employer for a job, fills out an application and takes any kind of test is *ipso facto* an employee. We cannot accept this."

*See also Boyd v. City of Montgomery,* 515 So.2d 6 (Ala.Civ.App.1987) ("the benefit the city received from the [applicant's] taking an agility test does not rise to a level where a contract of employment can be imputed") and *Sellers v. City of Abbeville,* 458 So.2d 592 (La.Ct.App.1984).

Order affirmed.

PLANK and MARQUEZ, JJ., concur.