Argued and submitted July 12, reversed on petition; reversed and remanded for reconsideration of attorney fees on cross-petition September 4, 1991

In the Matter of the Compensation of
Robert A. Lusk, Claimant.

BBC BROWN BOVERI
and Aetna Casualty Company,
*Petitioners - Cross-Respondents,*

*v.*

Robert A. LUSK,
Clark Ullman Welding
and SAIF Corporation,
*Respondents - Cross-Respondents,*

*and*

COMBUSTION ENGINEERING
and CNA Insurance Company,
*Respondents - Cross-Petitioners.*

(88-10360, 88-10361, 88-10362; CA A66084)

816 P2d 1183

Thaddeus J. Hettle, Portland, argued the cause for petitioners - cross-respondents. With him on the brief was Scheminske & Lyons, Portland.

Craig A. Staples, Portland, argued the cause for respondents - cross-petitioners. With him on the brief was Roberts, Reinisch, Mackenzie, Healey & Wilson, P.C., Portland.

No appearance for respondents - cross-respondents Robert A. Lusk, Clark Ullman Welding and SAIF Corporation.

Before Joseph, Chief Judge, and Riggs and Edmonds, Judges.

EDMONDS, J.

## EDMONDS, J.

BBC Brown Boveri (BBC) and Aetna Insurance Company (Aetna), its insurer, seek review of a Workers' Compensation Board order that set aside their denial of claimant's hearing loss claim and held them responsible for that condition as of June 23, 1986. Combustion Engineering (Combustion) cross-petitions and assigns error to the determination that claimant's counsel was entitled to attorney fees.

The referee found:

"Claimant is 56 years of age and for the past 20 years has been a boiler maker which subjects him to much loud noise from hammers, grinders and welders. Claimant noticed a gradual loss of his hearing and testing on June 23, 1986, revealed a bilateral hearing loss. He was prescribed hearing aids which he has worn ever since. BBC Brown Boveri was the last employer prior to the diagnosis of the hearing loss.

"On December 22, 1987, claimant's hearing was again tested and it was found to be worse than when it was tested in June 1986. Dr. Lipman, an ear specialist, opined that claimant's hearing loss indicated in the hearing test of June 1986 was due to the effects of the loud noise claimant was subject to in his work up to that time. Dr. Lipman further opined that claimant's increased hearing loss between June 1986 and December 1987 was attributable to the effects of the loud noise incurred in his work between June 1986 and December 1987. Claimant worked on several occasions for Combustion Engineering in 1987 and [Combustion] was the last employer prior to the diagnosis of an increased hearing loss in December 1987.

"On April 28, 1988, Aetna Insurance Company wrote to the claimant and denied compensability and responsibility for his claim in behalf of its insured, BBC Brown Boveri. Claimant made a claim for his hearing loss against Combustion Engineering. The parties stipulated that the insurer for Combustion Engineering [CNA] never issued a denial of the claimant's claim.

"During the hearing the insurer's [*sic*] for BBC Brown Boveri and Combustion Engineering conceded that the claim was compensable but each denied responsibility."

The Board adopted those findings, with this supplementation:

"Claimant was last employed by [Combustion] between November 16, 1987 and November 19, 1987.

"The onset of claimant's permanent disability occurred by June 23, 1986, while claimant was employed by [BBC].

"Claimant's work exposure after June 23, 1986, while employed by [Combustion], caused additional permanent disability and independently contributed to a worsening of his condition."

The Board concluded that BBC is responsible for claimant's hearing loss as of June 23, 1986, and that Combustion is responsible for its worsening as of November 16, 1987. On that basis, the Board ordered each employer to pay one-half of the assessed attorney fees.

■ BBC argues that claimant's only contact with it was in 1986, when he applied for employment, failed a welding test and was not hired. Therefore, it contends the Board's finding that claimant was employed by BBC before June 23, 1986, is not supported by substantial evidence. Combustion argues that, because the pre-employment test benefitted BBC by ensuring that it would employ only qualified workers, BBC became claimant's employer.

In *Dykes v. SAIF,* 47 Or App 187, 613 P2d 1106 (1980), we upheld the denial of workers' compensation benefits on the basis that the claimant was not a worker performing services "for a remuneration" under what is now ORS 656.005(27).[1] The claimant was injured while he performed a physical agility test in the course of applying for a position as a deputy sheriff. Here, the record reveals that, before June 23, 1986, claimant's only contact with BBC was on April 29 and 30, 1986, when he performed a welding test for a position as a boiler maker and participated in an orientation "school." Claimant failed the test and was not hired at that time. As in *Dykes,* claimant was not performing services for remuneration when his hearing loss was first discovered. It follows that

---

[1] ORS 656.005(27) provides, in part:

" 'Worker' means any person, including a minor whether lawfully or unlawfully employed, who engages to furnish services for a remuneration, subject to the direction and control of an employer * * *."

he was not a "worker," and that BBC could not have been an employer under ORS 656.005(13).[2] We agree with BBC that, because there is not substantial evidence to support the Board's ruling, the Board erred in setting aside BBC's denial, holding it responsible for claimant's hearing loss claim as of June 23, 1986, and on that basis allowing attorney fees. Because of that conclusion, we need not address BBC's other assignments of error.

■    On the cross-petition, Combustion argues that ORS 656.386(1)[3] is "the only possible authorization" for the award of attorney fees to claimant and that, because it "never denied claimant's right to compensation [and] * * * the referee did not make a determination on that issue," the statute is inapplicable. We remand for reconsideration in the light of ORS 656.386(1), as amended by Oregon Laws 1991, chapter 312, section 1. See *Jones v. OSCI,* 108 Or App 230, 814 P2d 558 (1991).

Reversed on petition; reversed and remanded for reconsideration of attorney fees on cross-petition.

---

[2] ORS 656.005(13) provides:

" 'Employer' means any person * * * who contracts to pay a remuneration for and secures the right to direct and control the services of any person."

[3] ORS 656.386(1) provides:

"In all cases involving accidental injuries where a claimant finally prevails in an appeal to the Court of Appeals or petition for review to the Supreme Court from an order or decision denying the claim for compensation, the court shall allow a reasonable attorney fee to the claimant's attorney. In such rejected cases where the claimant prevails finally in a hearing before the referee or in a review by the board itself, then the referee or board shall allow a reasonable attorney fee. *If an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held, a reasonable attorney fee shall be allowed.* Attorney fees provided for in this section shall be paid by the insurer or self-insured employer." (Emphasis supplied.)

The italicized language was added by Oregon Laws 1991, chapter 312, section 1. It applies "to all claims for which an order relating to the issue on which attorney fees are sought has not become final on or before the effective date of this 1991 Act, regardless of the date of injury." Or Laws 1991, ch 312, § 3.