**CUST–O–FAB, Petitioner,**

v.

**John G. BOHON and The Workers'
Compensation Court,
Respondents.**

**No. 82311.**

Court of Appeals of Oklahoma,
Division No. 3.

March 8, 1994.

Paul V. McGivern, Ronald E. Hignight, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for petitioner.

Robert A. Flynn, Matt Riggin, Frasier & Frasier, Tulsa, for respondents.

## OPINION

BAILEY, Judge:

Cust–O–Fab (Employer) seeks review of an order of a three judge panel of the Workers' Compensation Court which affirmed the Trial Court's award of benefits to John G. Bohon (Claimant). In this appeal, Employer challenges the jurisdiction of the Workers' Compensation Court to entertain Claimant's action.

Claimant sought employment with Employer. As a condition of the application, Employer required Claimant to take a "pre-employment" welding skills test. During the test, Claimant suffered a hernia.[1]

Claimant subsequently filed his Form 3 alleging an accidental injury arising out of and in the course of employment with Employer. Employer answered, denying the existence of an employer/employee relationship and challenging the Trial Court's jurisdiction. The Trial Court found Claimant an employee covered by the Workers' Compensation Act, and awarded Claimant temporary total disability benefits. Employer appealed to a three judge panel which affirmed the Trial Court. Employer now seeks review in this Court.

The Workers' Compensation Act covers "employees"[2] who sustain "accidental injuries" "arising out of or in the course of employment,"[3] but "employee" is not further defined in the Act. Both Claimant and Employer concede there is no Oklahoma case regarding the status of a worker who sustains an injury during a pre-employment skills test.

On this issue therefore, Employer points to cases from this jurisdiction denying workers' compensation coverage under arguably analogous circumstances.[4] On the other hand, Claimant urges this Court to adopt the position taken by various states finding workers' compensation coverage in situations where a worker is exposed to risk during a pre-employment skills test for the benefit of the employer and under employer's direction and control[5]; however, more recent cases from

1. Claimant failed the test and was not offered a job.

2. See, i.e., 85 O.S. § 3(4).

3. 85 O.S. 1991 §§ 3, 11.

4. See, e.g., Sartin v. State Industrial Commission, 183 Okl. 268, 81 P.2d 306 (1938) (worker who reported to work site in anticipation of employment held to be invitee and not covered under Workers' Compensation Act for injuries sustained at site); Fluor Engineers & Contractors, Inc. v. Kessler, 561 P.2d 72 (Okl.1977) (worker

who sustained injuries traveling to work to report for first day of employment held not covered under the Act as worker had not yet commenced employment duties).

5. See, e.g., Smith v. Venezian Lamp Co., 5 A.D.2d 12, 168 N.Y.S.2d 764 (1957) ("tryout" is for benefit of both prospective employee and employer and if "tryout" involves hazardous operation, prospective employee is covered under state's Workman's Compensation Law); Laeng v. Workman's Compensation Appeals Board, 6 Cal.3d 771, 100 Cal.Rptr. 377, 494 P.2d 1 (1972)

the other jurisdictions tend toward disallowance of benefits.[6]

We find no Oklahoma authority directly on point. Considering the above cited authority from other jurisdictions disallowing coverage in cases similar to the present case, and in the absence of clear statutory or precedential authority in Oklahoma allowing coverage under such circumstances, we decline to extend coverage to claimants who sustain injury during the course of pre-employment skills testing, that is, in the absence of clearly established employer/employee relationship.[7] We therefore conclude the Workers' Compensation Court erred in allowing Claimant benefits.

The order of the three judge panel of the Workers' Compensation Court granting Claimant benefits for temporary total disability is therefore VACATED.

HUNTER, P.J., and GARRETT, V.C.J., concur.

---

(worker who was injured during "tryout" competition held covered where activity under the direction and control of employer subjects worker to risk).

**6.** *See, e.g., Younger v. City & County of Denver,* 810 P.2d 647 (Colo.1991) (worker injured in pre-employment physical agility test held not an employee for purposes of workers' compensation because of lack of mutual agreement between the parties); *BBC Brown Boveri v. Lusk,* 108 Or.App.

623, 816 P.2d 1183 (1991) (worker injured during pre-employment welding test held not entitled to benefits as an employee since worker was not performing services for remuncration).

**7.** The existence of the employer-employee relationship constitutes jurisdictional prerequisite for a compensation award. *See, e.g., Brown v. Burkett,* 755 P.2d 650, 651 (Okl.1988); *Beall v. Altus Public School District,* 632 P.2d 400, 401 (Okl. 1981).